UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW JOSEPH MCGRATH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-2011 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| CONDOLEEZA RICE | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel and pursuant to Fed. R. Civ. P. 6(b)(2), hereby respectfully moves for an enlargement of time of three weeks, up to and including February 16, 2006, in which to move, answer or otherwise respond to the Complaint in this action. For the reasons set forth below, defendant filed neither its response to the Complaint yesterday, January 26, 2006 – the day on which it was due – nor a motion by that date seeking to enlarge defendant's response date. Defendant regrets the inconvenience to the Court and to plaintiff, and fully appreciates the significance of counsel's omission. Defendant respectfully submits, however, that the reasons for the omission satisfy the standard of "excusable neglect," id., and requests that the Court grant the enlargement now sought.

Counsel for defendant had six court deadlines this past week for various motions or opposition/reply memoranda, in addition to other scheduled requirements arising within her 60-case docket. In one of the cases – in which, like this one, a response to a complaint was due on Thursday, January 26th – the plaintiff's surname is almost identical to that of plaintiff in this case. The January 26th deadline in the other case was moved some weeks ago to Friday, January 27th. Approximately one week after the deadline in the other similar-sounding case was moved,

defendant's counsel undertook a regularly-scheduled "clean-up" of her calendar, in which she deleted obsolete dates and confirmed the most updated deadlines on her docket. She now realizes that at that time, she mistakenly deleted the January 26th deadline in this case while believing that she was removing from her calendar an obsolete deadline in the other case. As if that were not problematic enough, counsel also learned today that, contrary to a standing request that her secretary fax all court filings in each case to agency counsel, her secretary did not fax the previous enlargement motion or order thereon to State Department counsel because, her secretary has explained, she did not know where to fax it. Unfortunately for defendant, defendant's counsel's secretary did not inform defendant's counsel that she did not know where to fax it, or inquire of defendant's counsel where to fax it. The result was that State Department counsel was not formally apprised by defendant's counsel, as she should have been, of the operative deadline for defendant's response, and thus was not in a position to raise with defendant's counsel the issue of the impending deadline.

  Finally, defendant respectfully points out that State Department counsel timely provided a litigation report with supporting materials in a carefully sealed carton to defendant's counsel weeks ago. Defendant's counsel, working under a deadline at the time the carton was delivered in conjunction with other cartons pertaining to other cases, sent an email to her secretary asking that her secretary unseal and open the carton to determine the contents of the carton. That carton was found today in a corner, unopened. While counsel attempts to keep track of all individual requests made to her secretary each day in connection with her 60-case workload, and to keep herself apprised of tasks that she must undertake herself because they have gone undone, there are, unfortunately, times when counsel loses sight of specific tasks undone. Because of the rapid-

fire demands made on support staff in the Civil Division, typically by each of five attorneys to whom a secretary may be assigned, priorities and deadlines for support staff tasks often shift from day to day, and attorneys often must defer to those institutional exigencies.

    Defendant appreciates that the responsibility for meeting court deadlines ultimately rests with defendant's counsel notwithstanding the various institutional circumstances that may have converged in connection with the missed deadline at issue here.  Counsel's deletion of the deadline from her calendar, on the belief that is was an obsolete deadline from another case, provides a basis for taking a closer look at her docketing system, and she will do that.  Defendant respectfully asks the Court to note that counsel for defendant has been working extremely late hours and through most weekends since the New Year on cases with expedited deadlines, complex issues, and aggressive litigators on the opposing side.  (She is, indeed, working at this hour, this being the first opportunity that she has had today to file this motion upon learning this morning that the deadline for response had been missed.) She also dealt recently with the death of a family member for which she was required to take leave and otherwise divert her attention, rendering her schedule even more compressed.  Her litigation schedule, during the upcoming three-week period, includes the preparation of numerous motions and opposition/reply memoranda, depositions, hearings, dispositive motions in the United States Court of Appeals, and settlement negotiations.  Due to several aspects of the Complaint in this action, defendant's response to the Complaint will require both a dispositive motion (moving for dismissal of a portion of the action) and an Answer.  For these reasons, and for the reasons set forth above, defendant respectfully requests that the Court grant the enlargement sought.

Defendant's counsel phoned plaintiff's counsel this morning to confer regarding this motion and was told that he was in a meeting. As of this writing, plaintiff's counsel has not returned defendant's counsel's phone message. Defendant is aware that Local Civil Rule 7(h) requires a conference, and not simply an effort to confer, prior to the filing of a non-dispositive motion. In view of the circumstances, however, counsel for defendant believed it was important to have this motion on file as soon as possible. As soon as defendant's counsel hears back from plaintiff's counsel regarding this motion, defendant will file a Notice with the Court regarding plaintiff's position on the motion.

An order granting the relief sought is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
 Counsel for Defendant