UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MATTHEW JOSEPH MCGRATH,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-2011 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| **CONDOLEEZZA RICE** | ) | |
| **Secretary of State,** | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant Condoleezza Rice, Secretary of State, Department of State, hereby respectfully answers the Complaint as follows:

FIRST DEFENSE

Plaintiff has failed to exhaust his administrative remedies with respect to claims based on allegations of gender discrimination and his termination from service with the Department of State.

SECOND DEFENSE

Defendant answers the specifically-numbered paragraphs and prayer for relief set forth in the Complaint as follows:

1. This paragraph purports to identify the causes of action alleged by plaintiff. As such, it constitutes a conclusion of law to which no response is required, other than to aver that plaintiff has not exhausted his remedies for any claim based upon gender or that he was "terminated [] from employment with the U.S. Government."

2. This paragraph purports to identify the relief sought in this action. As such, it constitutes a conclusion of law to which no response is required.

3. Admit that plaintiff is a United States citizen. Deny, for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted, that plaintiff is a resident of the State of Virginia. Admit that plaintiff has the appearance of a Caucasian male but deny, for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted, that plaintiff has the racial composition of a Caucasian. Admit third sentence, except to aver that plaintiff did not serve as Cultural Officer, but instead as Assistant Cultural Officer, and deny that plaintiff served "in numerous locations in the United States." Admit fourth sentence. The remainder of the paragraph is plaintiff's legal characterization of his administrative complaint of discrimination and thus constitutes conclusions of law to which no response is required, except that defendant avers that plaintiff has not exhausted his remedies for any claim based upon gender or that he was "terminated [] from employment with the U.S. Government."

[The Complaint has no paragraphs numbered 4, 5, 6, or 7.]

8. Admit that the named defendant is the Secretary of State, sued in her official capacity. The remainder of the paragraph purports to set forth her legal authority, and thus constitutes a conclusion of law to which no response is required.

9. This paragraph alleges the jurisdictional basis for the causes of action alleged by plaintiff and thus constitutes a conclusion of law to which no response is required.

10. This paragraph asserts conclusions of law regarding venue as to which a response is not required, except that defendant avers that, for purposes of this action, plaintiff was employed by defendant in the District of Columbia and his employment records are maintained in the District of Columbia.

11.     Admit that plaintiff has the appearance of a Caucasian male but deny, for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted, that plaintiff has the racial composition of a Caucasian.  Defendant admits that plaintiff was appointed to the Foreign Service as a Foreign Service Officer by the United States Information Agency effective June 10, 1984 and denies the remainder of the second sentence for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted.  Defendant admits the allegations in the third sentence to the extent that plaintiff  served as a Foreign Service Officer from his June 10, 1984 appointment date to his November 30, 2004 retirement, and that he served in various posts overseas, including African and Third World countries, and denies the remainder of the third sentence, first because "responsible post" is vague and ambiguous and defendant therefore lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted, and second because defendant lacks knowledge about plaintiff's alleged reputation as described in that sentence and so must deny.

12.     Defendant admits the allegations in the first sentence only to the extent that plaintiff was promoted to FS-01 effective December 12, 1993, and that FS-01 is the highest grade level for a Foreign Service Officer apart from the Senior Foreign Service, and respectfully deems as vague and ambiguous plaintiff's reference to "the usual career FSO" or "a time period much faster than the usual career FSO" and so denies, for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted, the remaining allegations of the first sentence, except that defendant specifically denies as false the allegation that plaintiff was promoted to FS-01 within nine years of becoming a Foreign Service Officer.   Defendant denies the second sentence.

13. Admit the allegations in the first sentence except to aver that plaintiff was Chief, Division of Cultural Programs, Office of Citizen Exchanges, Bureau of Educational and Cultural Affairs. Deny the second sentence. As to the third sentence, admit that Mr. Wunder has the appearance of a Caucasian male but deny, for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted, that Mr. Wunder has the racial composition of a Caucasian.

14. Deny the first sentence and aver that, at times, Mr. Wunder conversed with Ms. Baker and Ms. Wainscott about assignments. As to the second sentence, aver that Ms. Baker and Ms. Wainscott have the appearance of Caucasian women and deny, for lack of knowledge and information on which to form a belief as to the truth of the matter asserted, that they have the racial composition of Caucasians. Deny third sentence.

15. Deny for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted.

16. Deny.

17. Deny for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted.

18. Deny the first sentence for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted. The second sentence constitutes, not a factual averment, but an opinion about what is "inappropriate," and thus requires no response, but to the extent that a response is deemed required, the averment is vague and ambiguous and defendant thus denies for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted.

19. Defendant is without knowledge or information as to what plaintiff has intended to mean by "use a member of [plaintiff's] staff" and "pet project" in the context of this paragraph because those terms are vague and ambiguous, and on that basis denies the allegations of this paragraph, and avers that members of plaintiff's staff were employees of the State Department's Office of Citizen Exchanges, and participated in carrying out the mission of that office, and in that regard would participate in certain projects ultimately overseen by the Deputy Assistant Secretary for Professional and Cultural Exchanges, even when plaintiff was on leave.

20. Admit the first sentence. Deny the second sentence insofar as it alleges that funds were disproportionately given to Western Europe and deny for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted the remainder of the sentence. Deny for lack of knowledge and information sufficient to form a belief as to the truth of the matter asserted the third sentence, except to deny outright that Mr. Wunder had discriminatory bias as set forth in that sentence.

21. The first sentence is so vague and ambiguous that defendant is without knowledge and information sufficient to form a belief as to the truth of the matter asserted, except that defendant avers that Mr. Wunder, as plaintiff's first line supervisor and the second line supervisor of the employees on plaintiff's staff, discussed employees on plaintiff's staff with plaintiff. Deny the second sentence. As to the last two sentences, defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

22. Admit the first two sentences. As to the third sentence, defendant is without information or information sufficient to form a belief as to the truth of the matter asserted and so denies.

23. As to the first and third sentences, defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and so denies. The second sentence alleges not an averment of fact, but a construct of logic – that if two people are not present, one cannot present an award to the other. Defendant respectfully submits that it may be possible to make such a presentation in those circumstances, given the role of surrogates, technology and other tools, and so denies the inevitability of plaintiff's construct.

24. Defendant denies this paragraph for lack of knowledge or information upon which to form a belief as to the truth of the allegations asserted.

25. Defendant denies the first two sentences for lack of knowledge or information upon which to form a belief as to the truth of the allegations asserted. Admit third sentence, except to aver that defendant is without knowledge as to whether "the file" referenced therein included all of the papers pertinent to the subject of the presentation of the award. Admit the fourth sentence, except to aver that the cover memorandum was not in final form. Deny the fifth sentence, and respectfully refer the Court to plaintiff's Employee Evaluation Report (EER) for the most complete and accurate statement of its contents, and deny the allegations insofar as they are inconsistent therewith.

26. Deny the first sentence. Defendant denies the second sentence for lack of knowledge or information upon which to form a belief as to the truth of the allegations asserted.

27. Deny and aver that Mr. Wunder gave plaintiff two versions of his EER – one version in which only Mr. Wunder provide evaluative commentary, and one in which Mr. Sexton provided commentary as well. Deny second sentence for lack of knowledge or information upon which to form a belief as to the truth of the allegations asserted. Admit the third sentence.

28. Admit first and third sentences. Deny second sentence for lack of knowledge or information upon which to form a belief as to the truth of the allegations asserted.

29. Deny first sentence, except to aver that Mr. Wunder gave plaintiff two versions of his EER – one version, provided to plaintiff in which only Mr. Wunder provided evaluative commentary, and a second one, dated April 24, 2002, in which Mr. Sexton provided commentary as well; to admit that Mr. Hart was Mr. Sexton's successor as Deputy Assistant Secretary; and to deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, plaintiff's allegations regarding the specific date on which plaintiff spoke with Mr. Hart. Deny second sentence.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

31. Admit Ms. Montgomery was under plaintiff's supervision and deny the remainder of the first sentence. Deny second sentence.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and so deny, except that defendant admits that Ms. Montgomery did her work.

33. Deny.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and so deny.

35. As to the first sentence, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and so denies. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

asserted in the remainder of the paragraph and so denies on that basis, except to admit that Ms. Wainscott went to New York and Ms. Mella went to New York and Brazil.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and so denies.

37. Deny.

38. Admit that there is a March 8, 2002 memorandum from Mr. Wunder to plaintiff in which the subject line is "Sub-standard Performance," concerning plaintiff, to which defendant respectfully refers the Court for the most complete and accurate statement of its contents and denies the allegations of the first sentence insofar as they are inconsistent therewith. As to the second sentence, deny, except that defendant admits that Mr. Wunder and plaintiff had a discussion on March 8, 2002; denies for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, the allegations that the conversation was lengthy and heated and concerned Ms. Montgomery; and denies that Mr. Wunder told plaintiff that if plaintiff did not start processing Ms. Montgomery's termination, Mr. Wunder would give plaintiff a negative performance rating. Deny the third and fourth sentences, except that defendant denies the allegations concerning what plaintiff "realized" for lack of information or knowledge sufficient to form a belief as to the truth of the allegations regarding what plaintiff realized, and so denies on that basis that portion of the allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and so denies.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and so denies, except that defendant denies

outright the allegations in the fourth sentence.

41. Aver that Mr. Wunder prepared a performance appraisal of plaintiff that reflected plaintiff's unsatisfactory performance and deny the remainder of the paragraph.

42. Deny, except that defendant admits that Mr. Wunder sent plaintiff a memorandum dated May 20, 2002, and deny for lack of knowledge sufficient to form a belief as to the truth of the allegations asserted regarding the existence of the remaining memoranda set forth therein.

43. Admit insofar as Mr. Wunder's rating in 2002 for Ms. Montgomery was excellent and deny the remainder of the sentence.

44. Admit that plaintiff's government credit card bill shows a charge incurred on January 15, 2002 for $399.66 and deny the remainder of this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

45. As to the first sentence, deny because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Admit the second sentence, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted plaintiff's use of the term "however" in that sentence. Deny the third and fifth sentences for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Deny the fourth sentence.

46. Defendant denies this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted, except that defendant denies that plaintiff paid the bill.

47. Defendant denies this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted, except to admit that plaintiff's payment

was refused.

48. Defendant denies this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

49. Defendant denies this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

50. Admit only insofar as June 10, 2002, was the effective date of plaintiff's involuntary curtailment and deny the remainder of the paragraph.

51. Admit that plaintiff remained a Foreign Service Officer after his June 10, 2002, curtailment; deny the allegation that he did not have an assignment after his curtailment until February 2003; admit that he was not assigned to a specific physical office; deny the remainder of the first sentence; and deny the remainder of the second sentence for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted because they are vague and ambiguous as so what is intended to be meant by "duties and responsibilities commensurate with his FSO-1 grade." Deny the last sentence for lack of knowledge or information

52. Defendant is without knowledge or information sufficient to form a belief as to plaintiff's awareness and on this basis denies the first sentence. Deny the second sentence and deny any allegation that Mr. Bigart would be involved in a matter pertaining to plaintiff's credit card.

53. Defendant is without knowledge or information sufficient to form a belief as to any contact between Citibank and plaintiff and on that basis denies the first sentence. Admit the second sentence only insofar as it alleges the garnishment and deny the remainder of the sentence

for lack of knowledge or information sufficient to form a belief as to truth of the allegations.

54. Deny this paragraph for lack of knowledge or information sufficient to form a belief as to truth of the allegations.

55. Admit the first sentence. Deny the second sentence. Admit the third sentence. Admit the fourth sentence to the extent that plaintiff submitted information about his EEO complaint to Deputy Assistant Secretary Campbell. Deny the fifth sentence.

56. Deny the first sentence except to aver that the EER was placed in plaintiff's Official Personnel Folder (Performance). Deny the second sentence.

57. Defendant denies that there were racial insensitivities and bias on the part of Mr. Wunder and other management officials and denies the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to truth of the allegations.

58. Deny.

59. The allegations in this paragraph constitute not averments of fact but conclusions of law to which no response is required. To the extent that plaintiff attempts to allege administrative exhaustion of any complaint based upon gender or regarding termination, the defendant denies.

60. Defendant incorporates herein her responses to paragraphs 3 through 59 of the Complaint and denies any discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII.

61. Defendant incorporates herein her responses to paragraphs 3 through 59 of the Complaint and denies any discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII.

62. Defendant incorporates herein her responses to paragraphs 3 through 59 of the Complaint and denies any discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII.

63. Defendant incorporates herein her responses to paragraphs 3 through 59 of the Complaint and denies any discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII.

64. Defendant incorporates herein her responses to paragraphs 3 through 59 of the Complaint and denies any discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII.

65. Defendant incorporates herein her responses to paragraphs 3 through 59 of the Complaint and denies any discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII.

The remaining paragraphs of the Complaint consist of plaintiff's prayers for relief which do not require an answer, but insofar as an answer may be deemed required, defendant denies.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the Complaint and deny that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted its costs and any such relief that this Court deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
 Counsel for Defendant