UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW JOSEPH MCGRATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-2011 (RBW) |
| ) | |
| CONDOLEEZA RICE, ) | |
| Secretary of State ) | |
| Defendant. ) | |

**REPORT PURSUANT TO RULE 16.3**

Pursuant to LCvR 16.3 the parties hereby report to the Court that counsel for the parties conferred by telephone on May 5, 2006. As a consequence of this conference, the parties hereby report to the Court as follows:

(1) **Dispositive Motions.** There are no pending motions at this time. Plaintiff does not believe this case can be resolved by dispositive motion. Defendant believes that the case can be partially resolved by dispositive motion. The parties believe that discovery should be stayed until after mediation. If mediation is unsuccessful, the parties suggest that the schedule with respect to dispositive motions be set at the scheduling conference to be held after mediation is concluded.

(2) a. **Deadline for joining additional parties or amending pleadings.** There is a decision pending on a claim, by Plaintiff, before the Foreign Service Grievance Board ("FSGB"). After the decision is issued, plaintiff may wish to amend the complaint in this matter. Plaintiff does not know when the decision

will be issued. If Plaintiff amends the complaint, Defendant requests twenty (20) days after the amendment to file a response.

    **b.**    **Agreement as to factual and legal issues:**

The parties agree that the issue is whether or not Plaintiff was unlawfully discriminated against in violation of Title VII of the Civil Rights Act of 1964. Upon service of any amended complaint and completion of discovery, the parties will attempt to narrow the factual and legal issues.

(3)    **Assignment to Magistrate Judge.** The parties do not consent to the assignment of this case to the Magistrate Judge.

(4)    **Prospects of Settlement.** The parties believe that there is a possibility of settlement at this time.

(5)    **Alternate Dispute Resolution (ADR).** The parties believe that this case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR). The parties also believe that ADR should take place before initiation of discovery. Additionally, the parties propose that the Court set a period of sixty (60) days for the mediation process with another Initial Scheduling Conference to be set after that sixty (60) day period.

(6)    **Resolution by Summary Judgment.** The parties agree that any motions for summary judgment will be filed within forty-five (45) days after the close of discovery, with oppositions filed within forty-five (45) days thereafter. Defendant requests that replies be filed within thirty (30) days after the filing of the opposition. Plaintiff requests that replies be filed within fifteen (15) days

after the filing of the opposition. Defendant believes the case may be subject to partial resolution by Motion for Partial Summary Judgment.

(7) **Initial Disclosures.** The parties agree to waive Initial Disclosures.

(8) **Limitations on discovery.**

    (a) **Number of interrogatories.** Plaintiff requests one round of thirty (30) interrogatories and a second round of twenty (20) interrogatories. Defendant requests thirty (30) interrogatories per side including all subparts.

    (b) **Number of depositions.**

    Plaintiff and Defendant believe that fifteen (15) depositions per side, including experts, will be sufficient.

    (c) **Duration of depositions.** The parties request a maximum of seven (7) hours for each deposition.

    (d) **Need for protective order.** Because sensitive personal and/or medical information may be exchanged, the parties may submit an appropriate protective order.

    (e) **Date for completion of discovery.** Two hundred and ten (210) days from the date of the scheduling order.

(9) **Exchange of Expert Witness Information.**

    (a) Plaintiff's Disclosures: Sixty (60) days prior to the close of discovery.

    (b) Defendant's Disclosures: Thirty (30) days after plaintiff's disclosure(s).

(10) **Class Action procedures.** Not applicable.

(11) **Bifurcation of Trial and/or Discovery.** Plaintiff proposes that discovery be

bifurcated into a liability phase and a damages phase after the Court's ruling on any motion for summary judgment. Defendant believes that there should be no bifurcation of discovery. Both parties agree that there should be no bifurcation of trial.

(12) (13) **Dates for Pretrial Conference and Trial.**

The parties request that the Court not set a pretrial conference until after the ruling upon dispositive motions. After the ruling on dispositive motions, the parties request that the court set a status conference date to set the dates for pre-trial conference and trial.

(14)     **Other Matters.** Pursuant to the Court's Order,

    (a)     Plaintiff provides the following statement of Plaintiff's case:

Plaintiff Matthew McGrath alleges discrimination in federal employment on the basis of gender (male), race (white), and reprisal for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), when defendant subjected him to a hostile work environment, gave him a negative performance rating after he filed a complaint of discrimination, removed him from his position, disciplined him, and then terminated him from employment with the U.S. Government. Plaintiff has exhausted administrative remedies.

    (b)     Defendant provides the following statement of Defendant's case:

Plaintiff, Matthew McGrath, alleges that, because of his race (Caucasian), gender (male), and as reprisal for having engaged in prior protected activity and/or for opposing discriminatory practices, he was subjected to a hostile work

environment, given a negative performance rating, removed from his position, disciplined and terminated from employment with the United States government, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Defendant denies any acts of discrimination based on race, gender and/or reprisal for engaging in protected activity under Title VII, and further avers that any employment decisions were for legitimate, non-discriminatory reasons. Plaintiff has failed to exhausted his administrative remedies with respect to any claims based on allegations of gender discrimination and his termination from service with United States government.

|  |  |
|---|---|
| /s/ | Respectfully submitted, |
| STEPHEN SPITZ, D.C. BAR #108778<br>Kalijarvi, Chuzi & Newman, P.C.<br>1901 L Street, N.W., Suite 610<br>Washington, DC 20036<br>(202) 331-9260<br>Attorney for Plaintiff | /s/<br>KENNETH L. WAINSTEIN, D.C. Bar #451058<br>United States Attorney<br><br>/s/<br>RUDOLPH CONTRERAS, D.C. Bar #434122<br>Assistant United States Attorney<br><br>/s/<br>MARIAN L. BORUM, D.C. Bar #435409<br>Assistant United States Attorney |

May 11, 2006