UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. MCGRATH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Case No. 05-2011 (RBW) |
| CONDOLEEZA RICE, | ) |
| Secretary of State, | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT**

This is an action under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq., in which plaintiff contends that he was discriminated against on the basis of gender (male) and race (white), and retaliated against for engaging in alleged protected activity. See Complaint, generally.

At the time of the filing of the Meet and Confer Statement pursuant to L.Cv.R. 16.3, plaintiff indicated that a decision was pending on a claim before the Foreign Service Grievance Board ("FSGB"). Meet and Confer Statement at p. 1. This decision concerned whether defendant "had committed procedural error by permitting the 2003 Selection Board (SB) and 2003 [Performance Standards Board] PSB to review his 2001-2002 Employee Evaluation Report (EER) which was then under challenge in an Equal Employment Opportunity Commission (EEOC) proceeding." Motion for Leave to Amend the Complaint ("Motion for Leave to Amend") at pp. 1-2. Plaintiff indicated that, after the decision was issued, he "may wish to amend the complaint in this matter." Meet and Confer Statement at p. 1.

On November 11, 2006, plaintiff filed a Motion for Leave to Amend the Complaint ("Motion for Leave to Amend").  Docket Entry No.15.  In his motion, plaintiff contends that "[t]he factual and legal circumstances involving the review of the FSGB Decision are related to [his] pending claims *as they relate to the circumstances of the termination of [his] employment . . . .*"  Motion for Leave to Amend at p. 2 (emphasis added).  In the proposed Amended Complaint, plaintiff asserts that his "termination by defendant was arbitrary and capricious and without merit as it was based upon procedural error . . . ."  Amended Complaint ¶ 72.

It appears that plaintiff did obtain a final decision from the FSGB for which he is entitled to judicial review.  See 22 U.S. C. § 4140(a); see also United States v. Paddack, 825 F.2d 504, 513 (D.C. Cir. 1987)(review under the Administrative Procedures Act is whether the action complained of is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law).  Therefore, defendant will not object to the amendment of the complaint.  However, defendant will note that the FSGB decision, for which review is requested, addressed a procedural question, not the termination of his employment.  Further, defendant continues to maintain that the issue of termination is not properly before the Court because plaintiff failed to exhaust his administrative remedies with respect to this claim.  See Answer, First Defense, p. 1; Meet and Confer Statement at p. 5.

December 19, 2006

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on this <u>19th</u> day of December, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Stephen Spitz
Kalijarvi, Chuzi & Newman, P.C.
1901 L Street, N.W., Suite 610
Washington, D.C.  20036

                                          /s/
                                        MARIAN L. BORUM, D.C. Bar #435409
                                        Assistant United States Attorney