UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW JOSEPH MCGRATH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-2011 (RBW) |
| ) | |
| v. ) | |
| ) | |
| CONDOLEEZZA RICE ) | |
| Secretary of State, ) | |
| ) | |
| Defendant. ) | |

MOTION TO DISMISS IN PART, OR ALTERNATIVELY
FOR PARTIAL SUMMARY JUDGMENT

Defendant Condoleezza Rice, Secretary of the United States Department of State, by and through her undersigned counsel, respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's gender discrimination and termination claims under Title VII, on the ground that Plaintiff has failed to exhaust his administrative remedies concerning these claims. Because Plaintiff failed to exhaust these claims at the administrative level, Plaintiff may not proceed on these claims in this Court.

Alternatively, recognizing that the Court may not be able to resolve these issues strictly by review of Plaintiff's Amended Complaint, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in Defendant's favor on Plaintiff's gender and termination claims under Title VII. The ground for the requested relief is that the administrative record demonstrates that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies on these issues, and the Defendant is entitled to judgment as a matter of law.

In support of this Motion, Defendant respectfully submits the attached Memorandum of Points and Authorities, supporting Exhibits, Statement of Material Facts, and a proposed Order.

Respectfully submitted,

    Jeffrey A. Taylor  
JEFFREY A. TAYLOR, D.C. BAR # 498610  
United States Attorney

    Rudolph Contreras  
RUDOLPH CONTRERAS, D.C. BAR # 434122  
Assistant United States Attorney

  /s/ Sherease Pratt  
SHEREASE PRATT  
Special Assistant United States Attorney  
United States Attorney's Office  
555 4th Street, N.W.  
Washington, D.C. 20530  
202-307-0895/ FAX 202-514-8780  
sherease.louis@usdoj.gov

Counsel for Defendant

OF COUNSEL:  
Alexandra Perina, Esq.  
Office of the Legal Adviser  
Department of State  
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW JOSEPH MCGRATH,  )  )  Plaintiff,   )  )  v.    )  )  CONDOLEEZA RICE   )  Secretary of State,  )  )  Defendant.   ) | Civil Action No. 05-2011 (RBW) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS IN PART OR
IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the Honorable Condoleezza Rice, Secretary of State, hereby seeks dismissal of Plaintiff's gender discrimination and termination claims under Title VII, pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff failed to exhaust his administrative remedies with respect to these two claims, Plaintiff may not proceed on such claims in this Court.

Alternatively, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in Defendant's favor on Plaintiff's gender and termination claims under Title VII. The ground for the requested relief is that the administrative record demonstrates that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies on these issues, and the Defendant is entitled to judgment as a matter of law.

**STATEMENT OF THE CASE**

A.   **Plaintiff's Title VII Administrative Claims**

Plaintiff is a former Foreign Service Officer who was employed by Defendant from June 10, 1984, through November 20, 2004. Amended Complaint ¶ 56. Plaintiff's first administrative

complaint is dated June 21, 2002. The First Administrative Complaint, accepted by Defendant for investigation on July 9, 2002, alleged

> discrimination based on race and retaliation for EEO activity and for opposing discriminatory practices in his office with respect to the agency's involuntary curtailment of Mr. McGrath from his position of record; the agency's negative evaluation of his performance in his prior position; the agency's failure to assign him to an appropriate career-enhancing assignment; and the agency's creation of a hostile work environment.

Exhibit 1.

On October 16, 2003, Plaintiff requested an amendment of his then-pending EEO complaint to add an allegation of discrimination concerning a proposed suspension and issuance of a letter of admonishment in response to Plaintiff's "failure to pay [his] Government-contracted charge account . . . in a timely manner." *See* Exhibit 2, Letter from Plaintiff's counsel, dated October 16, 2003. Plaintiff's request to amend was granted by Order dated November 14, 2003, and his consolidated claims proceeded to hearing before the Washington Field Office of the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit 3, Order, dated November 14, 2003; Exhibit 4, Transcript of EEOC Hearing. Plaintiff filed no further requests to amend the issues considered at the administrative level, and no further administrative complaints under Title VII. Thus, the only issues accepted by the agency for investigation at the administrative level were:

> Whether the Agency discriminated against Complainant on the basis of his race (Caucasian) and in reprisal for his having engaged in prior protected activity and/or for opposing discriminatory practices, and whether the agency subjected Plaintiff to a hostile environment when

>a) his supervisor attempted to undermine his authority as Chief, Division of Citizen Exchanges, Office of Cultural Programs, Bureau of Education and Cultural Affairs; b) his supervisor gave him a negative performance evaluation as Chief, Division of Citizen Exchanges, on April 11, 2002 and April 29, 2002; c) he was subjected to an involuntary curtailment of his assignment as Chief, Division of Citizen Exchanges; d) he was denied a career-enhancing follow-on assignment; and
>
>b) he was issued a Letter of Admonishment for his alleged nonpayment of his government contractor charge account in a timely manner.

*See* Exhibit 4 at 5-6, dated March 15, 2005.  No issues of gender or termination were addressed by the EEOC.  *Id.*

On or about April 21, 2004, Plaintiff received notice that he had been designated for separation from the Foreign Service by the Agency's Performance Standards Board ("PSB").  *See* Exhibit 6, Pearson Letter, dated April 21, 2004.  Plaintiff never raised his designation for separation with an EEO counselor, and never filed a complaint to amend his claims to include his proposed termination.  Instead Plaintiff, through counsel, sought only to "amend Complainant's request for damages to reflect this additional item." *See* Exhibit 7, Letter from Plaintiff's counsel dated May 19, 2004.

On March 15, 2005, at the commencement of the EEO hearing, the Administrative Judge read the accepted EEO claims into the record.  Exhibit 4, Transcript of EEO Hearing, at 5-6.  No claims of gender discrimination or discriminatory termination were read into the record by the Administrative Judge.  *Id.*  Plaintiff's counsel agreed on the record with the Administrative Judge's statement of the issues.  *Id.* at 6.  Following the hearing, the Administrative Judge found

in favor of Defendant on all claims. *See* Exhibit 5 at 1-2. A Final Agency Decision was issued on July 1, 2005. *See* Exhibit 12.

    **B.**    **Plaintiff's Federal Complaint**

On October 11, 2005, Plaintiff filed a federal Complaint seeking judicial review of his administrative complaints of discrimination, alleging, *inter alia*, that "on the basis of gender (male), race (white) and reprisal for engaging in protected activity" he was discriminated against when the Defendant "terminated him from employment with the U.S. Government." Compl. ¶¶ 1, 56, 65-71. Plaintiff subsequently amended his Complaint, on November 14, 2006, to seek judicial review, under 22 U.S.C. § 4140(a), of a May 18, 2006, decision by the Foreign Service Grievance Board ("FSGB"), which upheld the agency's decision to permit the 2003 Selection Board and the 2003 Performance Standards Board to review Plaintiff's 2001-2002 Employee Evaluation Report. Amended Compl.¶¶ 59-65. Because Plaintiff's claims of gender discrimination and discriminatory termination from government employment were not part of the Title VII case investigated below, for which Plaintiff is here seeking review, Plaintiff's gender and termination claims must be dismissed.

## ISSUES

1. Whether Plaintiff's claim of employment discrimination based on gender should be dismissed for failure to exhaust?

2. Whether Plaintiff's claim of discriminatory termination from government employment should be dismissed for failure to exhaust?

**STATEMENT OF FACTS**

Defendant adopts as its statement of facts the Statement of Material Facts as to Which There is No Genuine Dispute, appended hereto.

**STANDARD OF REVIEW**

**1.     Motions to Dismiss Under 12(b)(6)**

The appropriate standard of review on a motion to dismiss for failure to exhaust administrative remedies under Title VII is under Fed. R. Civ. P. 12(b)(6).  *See Avocados Plus Inc., v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004)("the existence of an administrative remedy automatically triggers a non-jurisdictional exhaustion inquiry"); *Holmes v. PHI Service Co.*, 437 F.Supp. 2d 110, 122 (D.D.C. 2006)("Title VII's exhaustion requirement is not jurisdictional"); *Hazel v. WMATA*, *Slip Copy*, 2006 WL 3623693, *3 (D.D.C. 2006)( "motions to dismiss for failure to exhaust administrative remedies are more appropriately analyzed under Rule 12(b)(6)").  Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 2000 WL 1693739, *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and *Kowal v. MCI Communications Corp., et al.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As the Supreme Court clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. 2007) (05-1126).

In deciding a Rule 12(b)(6) motion, the court may consider additional evidence. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D.Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion."). If factual matters outside the pleadings are submitted and considered by the court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56.

### 2.    The Summary Judgment Standard

The United States Supreme Court has recognized that "summary judgment is . . . not a disfavored procedural shortcut, but . . . an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986); *see also Williams v. Verizon Washington D.C., Inc.*, 266 F. Supp.2d 107, 116 (D.D.C. 2003). In such cases, the standard changes from determining "whether a claim for relief has been stated" to determining whether there is a "genuine issue of material fact in dispute" and if "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party need not produce evidence showing the absence of genuine issues of material fact, but is entitled to summary judgment upon a showing that there is an absence of evidence to support the nonmoving party's case. *Celotex, 477 U.S. at 325.* In

considering a Rule 56(c) motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000); *see also Washington Post Co. v. United States Dep't of Health & Human Servs.*, 865 F. 2d 320, 325 (D.C.Cir. 1989). To defeat summary judgment, a plaintiff must establish more than the "mere scintilla of evidence" in support of his position. *Bryant v. R.L. Brownlee,* 265 F. Supp.2d 52, 57 (D.D.C. 2003); *Bush v. Engleman,* 266 F. Supp.2d 97, 102 (D.D.C. 2003). Thus, the nonmoving party may not rely upon the mere allegations of the pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, at 323-24.

## ARGUMENT

I.    **Plaintiff Has Failed to Exhaust His Administrative Remedies.**

    A.    **The Legal Standard for Administrative Exhaustion.**

Title VII requires that a plaintiff "exhaust all of [his] administrative remedies before bringing suit." *Jones v. University of the District of Columbia*, -- F. Supp.2d--, 2007 WL 2332311,*3 (D.D.C. 2007), citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (*en banc*); *Raines v. U.S. Dep't of Justice*, 424 F.Supp. 2d 60, 65 (D.D.C. 2006). In addition, exhaustion must occur at the administrative level for each discrete alleged discriminatory act. *National Railroad Passenger Corp. v. Morgan*, 536 U.S.101, 113 (2002); *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 148-150 (D.D.C. 2005); *Coleman-Adebayo v. Leavitt*, 326 F.Supp.2d 132, 138 (D.D.C. 2004). Administrative exhaustion is critical, as it provides an agency with "notice of the claim" and the opportunity for "narrowing the issues for prompt adjudication and decision." *Jones v. University of the District of Columbia*, 2007 WL 2332311

at *3, citing *Park v. Howard Univ.*, 71 F.3d at 907 (internal quotations omitted). Only upon exhaustion of administrative proceedings is a complainant entitled to a trial *de novo* in federal court. *Chandler v. Roudebush*, 425 U.S. 840 (1976); *Saksenasingh v. Secretary of Education*, 126 F.3d 347, 350 (D.C. Cir. 1997).

      To exhaust administrative remedies, a plaintiff must contact an EEO counselor within forty-five (45) days of the alleged discriminatory event and subsequently file an administrative complaint. *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995), *cert. denied*, 519 U.S. 811 (1996); 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.407. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir.1985); *see also Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001). Compliance with administrative procedures is mandatory, as the Supreme Court has emphasized that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. at 110.

      **B.**    **The Standard of Review Under *Morgan***

      As mentioned *supra*, since the United States Supreme Court's decision in *Morgan*, it has been the law that Title VII plaintiffs must timely exhaust their administrative remedies separately with respect to each discrete act of alleged discrimination or retaliation, and this Court has consistently applied the holding of *Morgan*. *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d at 151 (dismissing amended complaint, including termination claim, for failure to exhaust administrative remedies); *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d at 137-138;

*Bowie v. Ashcroft*, 283 F.Supp. 2d 25, 34 (D.D.C. 2003). *See also Jones v. University of the District of Columbia*, 2007 WL 2332311 at *4 ("the reasonably-related test, if still good law, should be narrowly read after *Morgan*"); *Dunlap v. Kansas Dep't of Health and Environment*, No. 02-3331, 2005 WL 737585, at 5, (10th Cir. April 1, 2005), citing *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). As discussed below, the only exception to the *Morgan* requirement that each act of discrimination or retaliation must be separately exhausted is where a series of acts are alleged to constitute a "hostile work environment" and at least one act constituting a part of that hostile work environment has been administratively exhausted in a timely manner.

In *Morgan*, the plaintiff alleged that, over a period of time, he had been "subjected to discrete discriminatory and retaliatory acts and had experienced a racially hostile work environment throughout his employment." 536 U.S. at 104-105. Some of the allegedly discriminatory and retaliatory acts took place within the applicable time period prior to filing his claim, while other such acts were outside (prior to) that time period. 536 U.S. at 106. The United States Court of Appeals for the Ninth Circuit had held that claims based on all of the allegedly discriminatory and retaliatory acts could be considered in federal court. As described by the Supreme Court:

> The Court of Appeals applied the continuing violations doctrine to what it termed "serial violations," holding that so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability. See 232 F. 3d, at 1015.

536 U.S. at 114.

In reversing the Ninth Circuit, the Supreme Court focused on the question of what constitutes, for timeliness purposes, an "unlawful employment practice." In particular, it addressed the plaintiff's argument that the term "practice" should be read to include "an ongoing violation that can endure or recur over a period of time." 536 U.S. at 110. The Court concluded that "[t]here is simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purposes of timely filing." 536 U.S. at 111. The Court went on to state:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.
>
> * * * *
>
> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." [Plaintiff] can only file a charge to cover discrete acts that "occurred" within the appropriate time period.

536 U.S. at 113-114; *see also Coleman-Adebayo v. Leavitt*, *supra,* 326 F. Supp. 2d at 138 (plaintiff must satisfy administrative exhaustion requirements with regard to each "discrete" claim of discrimination, "regardless of any relationship that may exist between those discrete claims and any others."); *Adams v. Mineta*, No. 04-856, 2006 U.S. Dist. LEXIS 5783, 14 (D.D.C. 2006)(Walton, J.).

Thus, acts of discrimination or retaliation for which the plaintiff has not exhausted his or her administrative remedies are, under *Morgan*, time-barred, and cannot be resurrected in federal court by virtue of any degree of relationship to, or similarity with, previously filed charges that

were administratively exhausted in a timely manner.  Additionally, the *Morgan* Supreme Court specifically noted that termination is an "easy to identify" discrete employment act that "constitutes a separate actionable 'unlawful employment practice.'" 536 U.S. at 114.

While the *Morgan* decision itself involved the timeliness of claims that arose prior to the plaintiff's filing of his original EEO complaint, this court has held that the *Morgan* holding applies equally to administratively unexhausted claims of discrimination or retaliation arising after the initial complaint has been filed:

> Given *Morgan's* emphasis on strict adherence to procedure and on the severability of discrete acts such as termination, failure to promote, and denial of transfers, *see* 536 U.S. at 114, 122 S.Ct. 2061, and given *Morgan's* rejection of the various continuing violation doctrines of the Circuit Courts, it makes sense to apply *Morgan* to bar subsequent discrete acts that a plaintiff fails to exhaust in the administrative process.  Requiring a plaintiff to exhaust each discrete claim of discrimination or retaliation "comports with the purpose of the exhaustion doctrine to give the agency notice of a claim and [the] opportunity to handle it internally and ensures that only claims plaintiff has diligently pursued will survive". *Velikonja*, 315 F. Supp. 2d at 74 (citations omitted).  Further, requiring exhaustion encourages internal, less costly resolution of Title VII claims. *Martinez*, 347 F. 3d at 1211 (citing *Brown v. Gen. Servs. Admin*., 425 U.S. 820, 832-35, 96 S.Ct. 1961, 48 L.Ed. 2d 402 (1976)).

*Romero-Ostolazo*, 370 F. Supp. 2d at 149 (D.D.C. 2005).

**II.     Plaintiff Failed to Administratively File a Claim of Gender Discrimination.**

As noted above, Plaintiff's administrative claims before the EEOC alleged discrimination based on his race (Caucasian) and in reprisal for prior protected activity.  *See* Exhibits 1, 4, 5. On October 11, 2005, when Plaintiff filed his initial federal Complaint, he raised, for the very first time, allegations of discrimination based on his gender. *See* Compl. ¶¶1, 60-65.  As a result,

Defendant has not had the requisite notice of the allegations, and has not had the opportunity to investigate or resolve Plaintiff's gender discrimination claim.

This Court has found dismissal for failure to exhaust administrative remedies appropriate where, as here, a plaintiff's "EEOC complaint . . . fails to mention (or even insinuate) a gender discrimination charge that could reasonably be expected to have been encompassed within the [agency's] investigation." *Murfree-Fleming v. Billington*, *Slip Copy*, 2007 WL 2071675, *2 (D.D.C 2007). Because the "employer therefore could not even arguably have been on notice that [the plaintiff] was also complaining of discrimination on the basis of gender" dismissal of this claim is appropriate. *Hunt v. D.C. Dep't of Corrections*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999) (dismissing gender claims for failure to administratively exhaust). Likewise, Plaintiff's newly-raised federal allegations concerning gender discrimination must be dismissed for failure to exhaust his administrative remedies.

### III. Plaintiff Failed to Exhaust His Administrative Remedies With Regard to a Title VII Termination Claim.

Plaintiff received notice that the Performance Standards Board ("PSB") had designated him for separation from the Foreign Service on April 21, 2004, approximately two years after Plaintiff originally raised EEO claims before the Agency, and almost a year prior to the EEOC administrative hearing on Plaintiff's claims. *See* Exhibit 6, Separation Designation Letter; Exhibit 4, Transcript of March 15, 2005, EEOC Hearing. Thus, Plaintiff had an opportunity for over ten months to raise an administrative complaint under Title VII concerning his termination, and to request amendment of his pending EEO complaint, which had not yet proceeded to hearing. Yet the record below is clear that Plaintiff's administrative complaint of discrimination,

even after amendment, did not include Plaintiff's separation and/or termination. *See* Exhibits 1-5, 7. The EEOC's May 19, 2005, Decision in support of its Order Entering Judgment in favor of Defendant clearly stated the claims that were accepted and decided under the Order:

> Whether the Agency discriminated against [Plaintiff] on the basis of his race (Caucasian) and in reprisal for his having engaged in prior protected activity and/or for opposing discriminatory practices [when]:
>
> 1) [plaintiff] was subjected to a hostile environment when a) his supervisor attempted to undermine his authority as Chief, Division of Citizen Exchanges, Office of Cultural Programs, Bureau of Education and Cultural Affairs; b) his supervisor gave him a negative performance evaluation as Chief, Division of Citizen Exchanges, on April 11, 2002 and April 29, 2002; c) he was subjected to an involuntary curtailment of his assignment as Chief, Division of Citizen Exchanges; d) he was denied a career-enhancing follow-on assignment; and
>
> 2) [Plaintiff] was issued a Letter of Admonishment for his alleged nonpayment of his government contractor charge account in a timely manner.

Exhibit 5 at 1-2. No claim of discriminatory termination was submitted for investigation at the administrative level. Because Plaintiff failed to submit for investigation a discrimination claim concerning his termination during the EEO administrative process, he is barred from raising such a claim in this Court. *Lane v. Tschetter*, 2007 U.S. Dist. LEXIS 49524, No. 05-1414 (D.D.C. July 10, 2007) (former Foreign Service officer's constructive termination claim dismissed where plaintiff failed to amend her EEO charge to include such allegations and her resignation did not fall within the reasonable scope of investigation reasonably expected to follow her EEO allegations); *see also Marshall v. Federal Express Corp*., 130 F.3d 1095 (D.C. Cir. 1997) (affirming dismissal of wrongful termination complaint for failure to exhaust administrative remedies where plaintiff did not file a charge or amend original charges before the EEOC to include termination issue). Under *Morgan*, because Plaintiff's claim of discriminatory

termination from government employment was a separate and discrete allegedly discriminatory act, Plaintiff was first required to administratively submit this claim for investigation. Since Plaintiff failed to do so, his termination claim must be dismissed.

### IV.     The Agency Has Met Its Burden of Proof.

An agency-defendant has the burden to prove by preponderance of the evidence that a plaintiff failed to exhaust administrative remedies. *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) ("[b]ecause untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."). Defendant duly raised this defense in her Answer to Plaintiff's Complaint. *See* Answer to Amd. Compl. at 1 ("Plaintiff has failed to exhaust his administrative remedies with respect to claims based on allegations of gender discrimination and Title VII claims based on termination from service with the Department of State."). Thus, because Defendant timely raised the defenses that Plaintiff failed to exhaust his administrative remedies by failing to comply with the prerequisites for asserting claims of gender

discrimination and discriminatory termination, and Plaintiff cannot demonstrate that he administratively exhausted these claims, these claims must be dismissed.

Respectfully submitted,

    Jeffrey A. Taylor          
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras        
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Pratt          
SHEREASE PRATT
Special Assistant United States Attorney

**OF COUNSEL:**  United States Attorney's Office
Alexandra H. Perina, Esq.  555 4th Street, N.W., Room E4821
Office of the Legal Adviser  Washington, D.C. 20530
Department of State  202-307-0895/ FAX 202-514-8780
Washington, D.C.  sherease.louis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to Dismiss to be sent by the Court's Electronic Case Filing System, this 1st day of October, 2007 to:

Michelle Perry, Esq.
Kalijarvi, Chuzi & Newman
1901 L Street, N.W., Suite 610
Washington, DC 20006

    /s Sherease Pratt
SHEREASE PRATT