UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. MCGRATH, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CONDOLEEZZA RICE, )<br>)<br>Secretary of State, )<br>)<br>    Defendant. )<br>)<br>_____) | Civil Action No. 05-2011 (RBW) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT**

On October 1, 2007, Defendant filed a motion to dismiss in part or, in the alternative, for partial summary judgment ("Defendant's Motion"), on the ground that Plaintiff failed to exhaust his Title VII gender discrimination and wrongful termination claims before the Equal Employment Opportunity Commission ("EEOC"). Defendant's Motion at 7-14. On November 2, 2007, Plaintiff filed an opposition to Defendant's Motion ("Plaintiff's Opposition"). Because Plaintiff's Opposition concedes that he failed to administratively exhaust or preserve a gender discrimination claim, Plaintiff's Opposition at 1, and concedes that he "does not claim that his termination or selection out [of the Foreign Service] was itself discriminatory," Plaintiff's Opposition at 2, Defendant's Motion should be granted.

**I.  Plaintiff has conceded that his claim of discrimination on the basis of gender should be dismissed.**

In response to Defendant's Motion, Plaintiff's Opposition concedes that "gender was not previously raised as a basis of discrimination in any of his prior EEO

proceedings, and was not preserved as a basis" of discrimination. Opposition at 1. Consequently, Plaintiff moved to withdraw his gender discrimination claim. *Id.* Thus, dismissal of Plaintiff's gender discrimination claim is warranted or, alternatively, Defendant joins Plaintiff's motion to withdraw Plaintiff's gender discrimination claim.

## II.     Plaintiff has conceded that his wrongful termination claim is not independently actionable under Title VII.

Defendant's Motion seeks dismissal of Plaintiff's termination claims, articulated in the Nature of the Claim and Statement of the Claim sections of Plaintiff's Amended Complaint. Amended Compl. ¶¶ 1, 71. There, Plaintiff alleges "discrimination in federal employment . . in violation of Title VII . . . when defendant . . .terminated him from employment with the U.S. government"; and "plaintiff's employment was terminated by defendant because of his gender, race, and/or in reprisal for his protected activity in violation of Title VII, causing plaintiff financial and other injury." *Id.* As is clearly set forth in Defendant's Motion, the issue is whether Plaintiff administratively raised his designation for separation with an EEO counselor, and whether Plaintiff administratively filed a complaint to amend his claims to include his proposed termination. Defendant's Motion at 3, 12-13, 14. The undisputed answer is no. *See* Plaintiff's Opposition at 2 "adopting and incorporating the government's statement of the case."

Plaintiff now avers that he "does not claim that his termination or "selection out" was itself discriminatory," Plaintiff's Opp. at 5, and "there is no termination claim . . . for which Plaintiff should have exhausted his administrative remedies . . . at issue herein." *Id.* Thus Plaintiff concedes, as he must, that his termination claim is not independently actionable under Title VII. *Id.* Because Plaintiff avers that he "has not

2

stated a claim of wrongful or discriminatory termination," Plaintiff's Opp. at 8, any claim concerning Plaintiff's termination should be dismissed.

While conceding that his claim of gender discrimination was not administratively exhausted, Plaintiff tries to mischaracterize Defendant's Motion with respect to his termination claim, in an apparent attempt to avoid outright concession on Defendant's Motion.  Plaintiff's Opposition at 4.  Contrary to Plaintiff's contention, Defendant's Motion does not seek "dismissal or summary judgment with respect to Plaintiff's request for reinstatement as a form of equitable relief." *Id.*  To the extent Plaintiff seeks reinstatement as a remedy for his actionable claims, Plaintiff's Prayer for relief was not the subject of Defendant's Motion.  *See generally* Defendant's Motion.  Therefore, Plaintiff's argument concerning his right to request reinstatement as an equitable form of relief, *see* Opposition at 4-8, is simply inapposite.

**Conclusion**

For the foregoing reasons, and the reasons in Defendant's Motion to Dismiss in Part or Alternatively for Partial Summary Judgment, Defendant's Motion should be granted.

Respectfully Submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

  /s/ Sherease Pratt
SHEREASE PRATT
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Counsel for Defendant

Of Counsel:
Alexandra H. Perina, Esq.
United States Department of State
Washington, D.C.

Stephen G. Townley, Esq.
United States Department of State
Washington, D.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Reply to be sent by the Court's Electronic Case Filing System, this 13st day of November, 2007 to:

Michelle Perry, Esq.
Kalijarvi, Chuzi & Newman
1901 L Street, N.W., Suite 610
Washington, DC 20006

                                                            /s Sherease Pratt
                                                         SHEREASE PRATT