## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| MATTHEW JOSEPH MCGRATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2011 (RBW) |
| | ) | |
| CONDOLEEZZA RICE, | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
_____ )

**ORDER**

Matthew J. McGrath, the plaintiff in this civil lawsuit, "alleg[es] discrimination in federal

employment on the basis of gender (male), race (white), and reprisal for engaging in protected

activity" in derogation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17

(2000). Amended Complaint for Relief from Employment Discrimination ¶ 1. Specifically, he

alleges that the United States Department of State "subjected him to a hostile work environment,

gave him a negative performance rating after he filed a complaint of discrimination, removed

him from his position, disciplined him, and then terminated him from employment within the

[United States government]." Id. The plaintiff seeks "reinstatement, back pay[,] and other

benefits with interest, medical expenses, compensatory damages, and reasonable attorney['s] fees

as part of his costs." Id. ¶ 2.

On October 1, 2007, Secretary Condoleeza Rice, the only defendant in this case in her

official capacity as the Secretary of State, filed a motion to dismiss the plaintiff's amended

complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6) or for partial summary

judgment pursuant to Federal Rule of Civil Procedure 56 "on the ground that [the p]laintiff has

failed to exhaust his administrative remedies concerning" his gender discrimination and

termination claims under Title VII.  Motion to Dismiss in Part, or[,] Alternatively[,] for Partial

Summary Judgment at 1.  The plaintiff has filed an opposition to this motion in which he "agrees

that gender was not previously raised as a basis for discrimination in any of his prior [Equal

Employment Opportunity] proceedings, and was not preserved as a basis" for litigation in this

Court, but asserts that the defendant "has misconstrued [the plaintiff's] request for equitable

relief in the form or reinstatement as a claim for 'wrongful termination.'" Opposition to Motion

to Dismiss or for Partial Summary Judgment at 1.  According to the plaintiff, "there is no

termination claim" pending before the Court because the plaintiff "does not claim that his

termination or 'selection out' was itself discriminatory[; r]ather, . . . he claims that he was

terminated as a direct and inevitable result of his receipt of [an] unfairly low performance

evaluation for 2001-2002." Id. at 5.  He therefore opposes what he characterizes as the

defendant's request for "dismissal or summary judgment with respect to [his] request for

reinstatement as a form of equitable relief" based on the Department of State's alleged prior

workplace discrimination. Id. at 4.

As best the Court can tell, the positions taken by the parties are substantively identical.

The plaintiff concedes that his gender discrimination claim, which he describes as a

"typographical error," should be dismissed. Id. at 1.  He further concedes that "there is no

termination claim" pending before the Court, id. at 5, and seeks only to retain his right to seek

reinstatement as a form of equitable relief if he succeeds on his remaining claims, id. at 4.  For

her part, the defendant has clarified that she does not seek dismissal or summary judgment with

respect to the plaintiff's request for equitable relief, but rather seeks to dismiss "any claim" arising out of the plaintiff's termination itself.  Reply in Support of Defendant's Motion to Dismiss in Part or[,] Alternatively[,] for Summary Judgment at 3.  The Court will therefore dismiss the plaintiff's claims for gender discrimination and wrongful termination (to the extent such claims ever existed) and terminate at this time the stay of discovery entered by the Court in a minute order dated November 27, 2007, so that the balance of the plaintiff's claims may be resolved as expeditiously as possible.

Accordingly, it is

**ORDERED** that the defendant's motion is **GRANTED**.  It is further

**ORDERED** that the plaintiff's claims for gender discrimination and wrongful termination (to the extent such claims ever existed) are **DISMISSED**.  It is further

**ORDERED** that the stay of discovery in this case is **TERMINATED**.  It is further

**ORDERED** that discovery in this case shall close on or before May 16, 2008.

**SO ORDERED** this 2nd day of May, 2008.


REGGIE B. WALTON
United States District Judge