# EXHIBIT
# 5

# U.S. Department of State Bureau of Human Resources, Office of Employee Relations

## (HR/ER)

# Fax

**To:** Betty Coxi

**From:** CHERYL COVIELLO, EMPLOYEE RELATIONS OFFICER

**Fax:** 703 536-6916

**Pages:** FIFTEEN (INCLUDES COVER SHEET)

**Phone**

**Date:** 09/05/02

**:**

**Re:** Curtailment Policy

**CC:**

X **Urgent**    **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

● Comment:

Ms. Cox: per your request.

Exhibit _18_

page _1_ of _15_

UTE9350

UNCLASSIFIED      UTE9350
ORIGIN PER-01

INFO   LOG-00    MFS-01   NP-00    AF-00    AID-00   AIT-03   AOP-00
       AEX-00    AS-01    A-00     ACQ-00   CCOE-00  SCSO-02  ANHR-00
       WHA-00    DS-00    MEDE-00  EAP-00   EB-00    EUR-00   UTED-00
       FBO-00    VC-00    TEDE-00  IO-00    L-00     MFLO-03  MMP-00
       MOFM-05   M-00     AC-01    NEA-00   DCP-01   OIC-02   OIG-03
       OPR-01    PCH-13   PC-01    PM-00    SCT-00   SEEO-00  IRM-00
       SSO-00    SS-00    TEST-00  IAP-00   SA-00    FMP-00   SHEM-00
       SDBU-00   PMB-00   DSCC-00  PRM-00   ALM-00   SAS-00   PMA-00
       MSPD-00   /038R

183296
SOURCE: DISKETTE.017655
DRAFTED BY: HR/ER/CSD:CCOVIELLO:CEC -- 10/19/01 48172
APPROVED BY: M/DGHR:RADAVIS
HR/ER/CSD:CSDEARING   HR/ER:JEPOWELL    EAP/EX:LRBAER
M/DGHR:JCAMPBELL    AF/EX:JHUGGINS    EUR/EX:LMDENT
WHA/EX:PRHAYES   NEA/SA/EX:WJHUDSON    IO/EX:REKRAMER
L/EMP:MMCLEOD   OIG/QC:CE   DS/DSS:PBERGIN
M:EEROONEY   M/MED:CDUMONT   PC:SMOORSE   S/ES-O:SROBINSON
DESIRED DISTRIBUTION:
AFSA, AID
                    ------------------32374C  200125Z /38
R 200114Z OCT 01
FM SECSTATE WASHDC
TO ALL DIPLOMATIC AND CONSULAR POSTS
SPECIAL EMBASSY PROGRAM
FREETOWN POUCH
BELGRADE POUCH
DUSHANBE POUCH
PESHAWAR POUCH
LAHORE POUCH
NDJAMENA POUCH
JAKARTA POUCH
SURABAYA POUCH
INFO DIR FSINFATC WASHDC
USDOC WASHDC 0000
DEPT OF AGRICULTURE USD FAS

UNCLAS STATE 183296


FOR CHIEF OF MISSION (COM) FROM THE DIRECTOR GENERAL

E.O. 12958: N/A
TAGS: APER
SUBJECT: CHIEFS OF MISSIONS INSTRUCTIONS REGARDING
CONDUCT, SUITABILITY AND DISCIPLINE ABROAD - CORRECTED
COPY OF STATE 181473 ; SEE PARA 8, 9

Table Of Contents

I. COM Authority
II. Types of Actions Post May Take
III. Investigative Process

IV. Results of the Investigation
V. Immediate Curtailment of Employees
VI. Removal of Dependent/s from Post
VII. Curtailment of other Agency Employees
I.      COM Authority

1.      The Department strives to provide an effective and
impartial process to address conduct, suitability, and
discipline in the Foreign Service. As Chief of Mission,
you have clear responsibilitites and authorities in this
area. This annual reminder is for any/all employees in a
supervisory position and outlines steps to take when a
potential disciplinary or other personnel-related issue
arises.

2.      The Foreign Service act of 1980 gives the Chief of
Mission "full responsibility for the direction,
coordination, and supervision of all government executive
branch employees in that country (except for employees
under the command of a United States area military
commander)." Employees of the executive branch are subject
to comprehensive ethics regulations, 5 CFR Part 2635, the
Standards of Ethical Conduct for executive branch
employees. In addition, regulations in 3 FAM 4120 govern
behavior of employees stationed overseas under COM
control, their spouses and dependents. 3 FAM 4130 and 3
FAM 4300 covers other offenses including misconduct,
fraud, and poor judgment. While employees' dependents do
not fall under service discipline with respect to some of
these regulations, they need to be aware that the service
expects them to comply with the same standards of
behavior.

II.     Types of Actions Post May Take
3.      When possible, efforts should be made to alleviate or
correct problems before they become more serious issues.
In most cases the employee should be counseled prior to
proceeding with more formal measures. The employee needs
to be told what is wrong and the improvement needed.
Document the discussion. Counsel the employee and
ascertain if attitudinal, medical or other problems may
have influenced the employee's conduct or performance.
You need to remind all managers and supervisors to touch
base with the post's personnel office on any issue that
involves a conduct or performance related problem. Early
detection, attention and corrective action will limit the
number of disciplinary actions the Department undertakes.
The Conduct, Suitability and Discipline Division of the
Department's Employee Relations Office (HR/ER/CSD) is a
valuable resource whose role is handling problems that
affect performance or conduct. I encourage you to contact
them at (202) 261-8172 (4-8172) or 4-8180. You may also
communicate with this office via a PER channel cable or
Department email to Cynthia S. Dearing or Cheryl Coviello.

Employees, supervisors, and post management should also be
made aware of another important management tool, the
Department's Alternative Dispute Resolution (ADR) program
in the Office of Employee Relations. ADR uses proven
confidential and neutral methods to resolve workplace
disputes in the early, informal stage. This employee
mediation service is an alternative way to resolve
workplace disputes cooperatively and expeditiously. The
benefits - increased productivity, improved morale and

work environment and strengthened professional
relationships - are considerable.  So are the financial
savings, including costs of curtailment, reassignment,
covering staffing gaps, and administrative proceedings
such as grievances.  The Dispute Resolution Specialist,
Jody Lee, may be reached at (202) 261-8179 or on
Department email.

4.      Common areas of conduct, suitability and discipline
that generally are handled at the post level.

--Performance

You and your supervisors have a clear responsibility to
document poor performance, or misconduct having a direct
effect on performance, in the employee's evaluation report
and ensure there are regular and documented counseling
sessions.

--Minor Misconduct

You and your management officials at post can admonish an
employee about minor misconduct (3 FAM 4324.1-3) orally or
in writing.  Such admonition should accompany counseling.
Misconduct may encompass insubordination, failure to obey
orders, poor judgment, harassing behavior, etc.

--Leave Abuse

You and your management officials have greater discretion
in situations involving an employee's leave or abuse of
leave.  Employees who absent themselves from duty without
permission must be charged as absent without official leave
(AWOL) (3 FAM 3520).  The employee is to be notified in
writing that the post is charging his/her absence to AWOL.
The AWOL charge may be changed to an approved leave
category - annual leave, sick leave, or LWOP - should the
employee explain in a satisfactory way any extenuating
conditions.

5. If post believes an employee's conduct warrants more
than an admonishment or negative performance evaluation,
post needs to send details and reports of progressive
discipline or counseling sessions to HR/ER/CSD for
possible disciplinary action.  I note that many OIG
investigation reports identify areas that result in
disciplinary action for poor judgment and other minor
misconduct that should have been uncovered and dealt with
by post management.  This leads me to conclude that
managers are not adequately supervising their employees.

Remember, post can discipline an employee with an
oral or written admonishment; however, only the Department
or parent agency headquarters can take a disciplinary
action, such as an official reprimand, suspension or
separation.

III.    Investigative Process

6.  If you suspect more serious improper activity/conduct
exists which requires further disciplinary action,
investigation, or removal of an employee and/or dependents
from your mission or a constituent post, vet your concerns
first with appropriate personnel at post.  This may be the

personnel/administrative officer, medical officer, RSO and
the supervisor or agency head of the affected employee.
It has often been revealed that the above-mentioned
officers were not always involved.  Proper communication
with these officers will ensure that the process is
handled in the best possible manner.  With appropriate
input, you need to determine whether the infraction should
be immediately reported to the Department or other
applicable USG agency or whether to take appropriate steps
at post.  In cases where there exists a threat to national
security, personal safety of employees, or apparent
violation of federal criminal law, this process should be
performed expeditiously and with utmost confidentiality.

7. Depending on the nature of the alleged offense,
investigation into Department personnel matters is
normally handled either by Diplomatic Security (DS), or
the Office of the Inspector General (OIG).  In rarer cases
the United States Government's Office of Special Counsel
could get involved.  Actions that might alert an employee
to the existence of an inquiry should be avoided and no
subject interview should take place unless discussed with
and approved by the responsible investigative agency (12
FAM 220).

8.  Waste, fraud, abuse or mismanagement: Congress
created the Office of the Inspector General (OIG) to
conduct and supervise investigations and to lead and
coordinate Department activities related to preventing and
detecting waste, fraud and abuse.  Allegations brought to
the attention of the OIG may result in criminal or civil
action by the Department of Justice, or administrative
action by M/DGHR.  Employees are obligated to bring
allegations of waste, fraud, abuse or mismanagement to the
direct and immediate attention of OIG/INV.  2 FAM 030
outlines the OIG's specific areas of responsibility,
including the submission of false claims, false
statements, bribery, theft of government property, fraud
and falsification of official documents.  Personnel at
post should correspond with the OIG by State cable via the
OIG channel, by memorandum, letter, or pouch, via the OIG
hotline (202) 647-3320, or website http://oig.state.gov,
or email:oighotline@state.gov.  Contact with the OIG may
be made confidentially or anonymously.

9.    Cases involving security or suitability issues
should be referred at post to the RSO (see 12 FAM 230).
These cases involve a variety of misconduct, including but
not limited to: pre-employment illegal activities,
violation of relationships/contact reporting policy (12
FAM 262), misuse of weapons, abuse of drugs, sexual
misconduct, spousal or child abuse, criminal activity of
any kind, unauthorized disclosure of classified
information, and any other criminal, infamous, dishonest,
immoral, or notoriously disgraceful conduct which may be
detrimental to the government.

10.  Cases involving allegations of child abuse or neglect
and investigations of allegations of child abuse or
neglect concerning U.S. Government employees will be
conducted in compliance with the Victims of Child Abuse
Act of 1990, 42 U.S.C. SEC. 13031.  Under that federal
law, certain specified professionals who, in a

professional capacity on a federal and/or in a federally
operated (or contracted) facility, learn of facts that
give reason to suspect that a child has suffered an
incident of child abuse or neglect, are required to report
those allegations to a designated investigative agency, no
matter where the abuse is alleged to have occurred.  For
the Department and all agencies under Chief of Mission
authority, the Office of Diplomatic Security (DS) serves
as the designated investigative agency for reports of
child abuse arising at U.S. posts abroad.  Employees have
a mandatory duty to report cases of child abuse and must
inform the post RSO or, if there is no RSO at post, inform
the family advocacy officer who shall immediately inform
the cognizant RSO.  The RSO and medical personnel at post
are required to share information in the context of the
family advocacy committee to contact medical personnel,
who are required to confer with each other, contact their
respective Washington offices, and notify the DCM that an
allegation of child abuse has arisen and will be further
investigated.  In order to meet the statutory requirement,
the RSO must report the information to DS as quickly as
possible.  DS will in turn notify the appropriate U.S.
attorney's office as circumstances warrant.  This
reporting requirement is mandatory and cannot be
overridden by any post official.

At overseas posts, individuals in the following
positions have a statutory duty to report allegations of
child abuse or neglect: RMO, RMO/P, FSNP, PER, RSO, CLO,
all law enforcement personnel and anyone else at a
particular post who falls under the statutory definitions,
e.g., teacher or child care worker.  A covered
professional who fails to report allegations of child
abuse is subject to criminal penalties, although good
faith reporting is immune from civil and criminal
liability.  References:  3 FAM 1900 Appendix B Old 3 FAM
683 (Family Advocacy Program) and 95 State 27447
(guidelines for handling cases of alleged child abuse).

IV.  Results of the Investigation

11.  If an investigation reveals criminal activity, the
OIG or DS refers the case to the Department of Justice
(DOJ).  DOJ decides whether to prosecute, based on several
factors, including the seriousness of the crime, expense
of a trial, actual loss to the government, likelihood of
gaining restitution, and so forth.  Once DOJ accepts a
case for prosecution, that agency assumes control over any
further investigation.

12.  A DOJ decision not to prosecute does not
necessarily reflect an assessment that the subject of the
investigation is innocent.  Prosecutors frequently decline
a case because witnesses' travel, prosecutors' time and
the other expenses of a trial would outweigh the
government's loss or the probability of recovery.  DOJ
will, from time to time, prosecute a low-loss case in
order to make a point, especially when it involves a
senior government employee.  If DOJ declines prosecution,
the OIG or DS will normally forward the report of
investigation to M/DGHR for review, along with a
recommendation for disciplinary action.  Additionally, DS
may undertake a review of the employee's security
clearance eligibility whenever allegations of misconduct

exist (12 FAM 230).

13.  M/DGHR determines the level of any disciplinary
action to be taken against the employee.  The HR/ER/CSD
staff prepares proposals for discipline based on the
seriousness of the misconduct and other relevant factors.
These penalties may include admonishment, reprimand,
suspension, or separation for cause.  In letter format, a
proposal to discipline is sent to the employee, who has
full rights to respond to the proposal, to examine the
information relied upon to support the proposed
disciplinary action, and to have representation of his/her
choice.  Together with information provided by the charged
employee, a deciding official then re-examines the case
and independently determines its appropriate resolution.
After the disciplinary decision is rendered, the employee
may seek administrative or judicial review of the action.

14.  Please note that policy differences voiced through
the dissent channel will not result in disciplinary
action.  Any attempt to punish an employee for legitimate
dissent or to sanction an employee for whistleblowing can
produce an investigation by either the OIG or the Office
of the Special Counsel.  Those offices must satisfy
themselves that no personnel action or threat thereof
involves reprisal, or any other prohibited practice as
defined in 5 USC 2302.  Taking reprisals may result in
serious action against the supervisor, including but not
limited to removal, reduction in grade, debarment from
federal employment, or a civil fine NTE dols 1000.00.
Whistleblower protections extend to any employee who makes
disclosures (e.g. To the U.S. Government, to the Congress,
or to the media) of what the employee reasonably believes
constitutes a violation of law or regulations, an abuse of
authority, fraud, a gross waste of funds, or gross
mismanagement.

V.  Immediate Curtailment of Department Employees

15.  If you, as Chief of Mission, determines that
curtailment of an employee's tour of duty is in the best
interest of the post, the employee, or the employee's
dependents, you may ask that the employee's tour of duty
be immediately curtailed (3 FAM 2443.2).  A prompt and
full report of the circumstances must be made to the
Director General in the DIRGEN CHANNEL.  In cases of
alleged serious misconduct, criminal conduct, or actions
having serious security implications, employees should be
curtailed through a loss of confidence.  In these cases, a
full report must also be forwarded by the RSO to DS/ICI
through the DS channel.  Similar considerations govern the
case of a dependent whose continued presence at post would
not be in the best interests of the service.  In all other
cases, the employee may be offered the alternative of
submitting a request for immediate voluntary curtailment
(3 FAM 2443.1).  If this option is agreeable to all
parties, you need to be advised, via the DIRGEN CHANNEL,
of your support for the employee's immediate curtailment
request.

In either instance, the cable must include background
information on the incident(s) that support the decision,
confirmation the proposed action has been discussed with
the employee, and confirmation the employee understands

Case 1:05-cv-02201-RBW   Document 41-6   Filed 09/15/2008   Page 9 of 10

that he/she may telegraphically submit separately any comments about the case. No curtailment request will be approved without supporting information.  A separate cable on curtailments with a checklist to help work through these difficult issues will follow.

16.   In the past, I have received requests for immediate curtailment of employees whose problems are actually performance-related.  An example is an employee with supervisory responsibilities whose problems are based on his/her inability to manage and motivate his/her subordinates.  Unfortunately, the employee's EER was a glowing report that did not comment on the events that formed the basis for the curtailment request.  When making a decision whether to grant a request for curtailment, I will consider whether post management's evaluation and counseling of the employee in question adequately documents the performance issues that led to the curtailment request.

17.   Please remember that the DIRGEN CHANNEL, while limiting distribution, has no legal privilege: a Freedom of Information or Privacy Act request, or a grievance or an EEO proceeding, may lead to the release of a DIRGEN message.

18.   Remember too that immediate curtailment does not constitute a disciplinary action.  Should the situation appear to warrant it, the Department (DS or OIG) will conduct a full investigation of the situation before undertaking disciplinary action.  Your support mechanism in the Department can and will conduct investigations, develop and carry out the necessary disciplinary action, and diffuse the potential for unnecessary and time-consuming legal actions against post management.

VI. Removal of Dependents from Post

19.     Since dependents are not employees they cannot be curtailed.  However, situations do occur where it may be necessary to remove a dependent from post.  Most often this is accomplished by the voluntary curtailment of the sponsoring employee.  In unusual situations the sponsoring employee may be involuntarily curtailed through a loss of confidence.  Situations wherein you believe it is necessary to remove the dependent(s) from post while the sponsoring employee remains at post require careful review on a case-by-case basis.  Such situations generally will not be viable unless the dependent(s), the employee and the Department (and/or other employing agency) can agree on appropriate arrangements.

VII.  Curtailment of Other Agency Employees

20.   Curtailment requests for employees and/or dependents of other agencies should go to the following offices and be copied to the DG and HR/ER:

-USAID: Director, Office of Human Resource Management;
-Department Of Commerce: Director-General, U.S. and Foreign Commercial Service;
-Department of Agriculture: Director, Human Resource Division for Foreign Agricultural Service.

21.     Applicable post representatives can provide correct
cable addresses for other agencies.  We suggest that you
include the same supporting information used in requesting
the curtailment of Department of State employees (para 15)
in any request to other agencies.

22.  As you know, our system endeavors to protect the
rights of both management and employees.  Questions
regarding this process may be directed to HR/ER/CSD (202)
261-8172 or 8180.

23.  Minimize considered.
POWELL


NOTE: POUCH ADDRESSEES PROTECTED BY DRAFTER
NNNN