# EXHIBIT 36



**United States Department of State**

*Director General of the Foreign Service
and Director of Human Resources*

*Washington, D.C. 20520*

April 21, 2004

EYES ONLY – PERSONNEL SENSITIVE



Mr. Matthew J. McGrath
Department of State
A/RPS/IPS/CR/SRP
SA-13
Washington, DC 20520

Dear Mr. McGrath:

    This will confirm the notification you received by telephone from the Office of Performance Evaluation that the Performance Standards Board (PSB) to which you were referred, has designated you for separation from the Foreign Service. I am enclosing a copy of the Precepts under which the PSB operated and a copy of its determination concerning you. In accordance with 3 FAM 733, I have set August 31, 2004, as the date of your separation.

    I know this news brings serious disappointment and confronts you with many important decisions. My colleagues in the Bureau of Human Resources are committed to assisting you in any way possible.

    You will shortly receive a letter from your Counseling and Assignments Officer that will provide detailed information to help in your planning. The letter will discuss, for example, the possibility of a limited postponement of your mandatory separation date to enable you to take the Retirement Seminar and Job Search Program. It will also explain the option of retiring prior to the mandatory separation date as well as other matters.

EYES ONLY – PERSONNEL SENSITIVE

Exhibit 6

EYES ONLY – PERSONNEL SENSITIVE

-2-

Let me close assuring you of my personal understanding at this difficult time. You have served our nation faithfully through many years and, on behalf of the entire Department of State, I want to express sincere appreciation. You have my warm good wishes in whatever activities you may undertake in the future.

Sincerely,

W. Robert Pearson

Enclosures:
  PSB Precepts
  Performance Standards Board statement

## Precepts for the Performance Standards Boards
### (Attachment 1 to 3 FAM 730)

1. **General**

   a. This text contains the Precepts for the Performance Standards Boards (PSB's) convened annually to review for possible mandatory retirement (selection-out) career members of the Foreign Service who have been identified by the preceding session of the Selection Boards as having failed to meet the standards of performance for their class, and whom the Director General of the Foreign Service has certified to the PSB. In accordance with 3 FAM 732.3c(3), these Precepts establish the criteria by which the PSB's will determine whether a career member of the Service under review should be designated for selection-out.

   b. Members of the Service identified for separation will be retired from the Service unless such action is reversed through the appeal process. Members who wish to challenge a PSB designation of selection-out may appeal to a Special Review Board in accordance with 3 FAM 732.3d. This Board will afford appellants a hearing at which they may be represented by counsel and present witnesses and other relevant information and will decide whether to uphold or reverse the selection-out determination of the PSB.

   c. These Precepts have been agreed upon by the Department and the American Foreign Service Association.

2. **Applicable Regulations**

   a. 3 FAM section 732.3 contains the regulations governing the responsibilities, organization, and operation of PSB's and the rights of career members of the Service under review.

   b. PSB's will be guided in their activities and procedures by those regulations as supplemented by the Precepts published in this text.

3. **PSB Criteria for Selection-Out**

   The principles by which the PSB's are to judge members of the Service for possible selection-out are as follows:

   a. The wide variety of both Foreign Service functions and working conditions precludes defining specific and fixed class standards embracing precise requirements. Therefore, the performance standards are expressed in broad terms. In general, PSB's shall weigh heavily documented shortcomings in one or more skills, abilities, or knowledges that are pertinent to the occupational category of the member reviewed. Failure to overcome these shortcomings after they have been brought to the attention of the member shall also be taken into account by PSB's. A member's failure to meet the standards of a class may manifest itself in relative or comparative shortcomings in necessary qualities or skills in comparison with other members in the same class and occupational category.

   b. In judging the relative performance of a member under review, each PSB will give particular weight to documented shortcomings in those areas of quality, competency, and responsibility as set forth as <u>Decision Criteria for Promotion</u> in the most recent Selection Board Precepts, including both the areas of specific competence identified in the Precepts and those areas of responsibility specified as factors which in themselves may be possible grounds for low ranking.

   c. There is no precise formula by which a PSB may calculate whether a member's performance has met the standards for the class. Each PSB will review a sufficient number of performance records of other members in the class and occupational category of the member under consideration to satisfy that it has a reliable measure of the character and quality of performance in the relevant category. The Board will review no less than 10 performance files in each case as a representative sample picked at random from the appropriate category, unless the class and occupational category includes fewer than 10 members. In this instance, the PSB will review the files of all other members of the class and category of the officer un-

### Precepts for the Performance Standards Boards (Continued)

der consideration. Each PSB will then determine in reviewing the record of the member under consideration in light of the criteria in paragraphs 3a and b above, whether the member under review has failed to meet the standards of performance while in present class.

d. To justify a designation of selection-out, a PSB need not conclude that the member's performance was unsatisfactory per se or that the member's utility to the Service is marginal in an absolute sense. Rather, its duty is to examine the performance record of the member under review and related material, in comparison with other records reviewed, and to designate for selection-out those whose performance (judged in terms of assigned duties, goals, and work requirements), whose deficiencies in work-related personal qualities or professional skills, or whose limited potential indicate that they should be separated from the Service. A marked lack of growth potential can itself be a valid reason for selection-out.

e. The time remaining before a member arrives at what may be mandatory retirement either for age or time-in-class is not relevant to a PSB's assessment of a member. Nor should the PSB give any consideration whatsoever to the age, sex, national origin, religion, or race of an employee, or existence of a handicap, which are also irrelevant to the Board's decision.

f. A PSB should note the admonitions in the Selection Board Precepts against penalizing unfairly a member who has received an honest, candid, or constructively critical report. A review of the member's prior rankings in present class and the rating officers' files may be useful in this regard.

g. Ordinarily, a designation of selection-out will not be based solely on the reports of a single rating officer. In the vast majority of cases, the Board should be able to satisfy itself that some or all of the critical shortcomings have been reflected in the reports of more than one rating officer. Where a Board's decision rests predominantly on the reports of one rating officer, it will assure itself as fully as feasible that there is no indication of unfair negative bias by the rating officer.

4. Decision Rule

The decisions of the Board respecting selection-out will be by majority vote.

5. Proscriptions Against Outside Inquiry

a. Prohibition Against Obtaining Other Information

(1) A PSB will address questions about its work only to the Office of Performance Evaluation (PER/PE);

(2) PSB members will have available only the material specified in 3 FAM 732.3c(4). They will neither seek nor receive, from any source, any information (other than that properly included in material before the PSB) on, for example, health, suitability, assignability, or reputation of any member of the Service under consideration; and

(3) Should any unauthorized communications of the character referred to in paragraph (2) above, come to the attention of a Board member, that Board member will report this in writing to PER/PE.

b. Personal Knowledge of Board Members

(1) If a PSB member brings to the Board's attention information which is not included in the file of a career member and is relevant to consideration of the career member's performance, the Board member shall do so only by means of a signed memorandum. In such cases, the Board member may be excused from further participation in the decision of the Board. The additional information shall cover only admissible matters up to the date of the latest evaluation report available to the most recent Selection Board.

(2) A copy of the signed memorandum shall be forwarded immediately (by immediate cable if overseas) to permit

### Precepts for the Performance Standards Boards (Continued)

the career member to comment on it before the Board completes its deliberations. The member will be advised with the memorandum that any comments must be received by the Board within 5 days of the date of dispatch of the memorandum. The post or bureau will reply immediately to the memorandum message indicating when delivery was made to the member and whether that member wishes to comment or whether problems exist in effecting delivery. A member will be entitled to such administrative leave as may be necessary to permit a timely response. However, in the absence of a response, the Board need not delay a decision more than 5 days unless the Board, in its judgment, is able to delay a decision longer without significant administrative dislocation.

(3) A PSB member who was the career member's rating or reviewing officer while the career member was in present class will excuse self from participating in making a decision if the career member being reviewed so requests.

5. <u>Oath of Office</u>

All Board members will adhere to the following oath:

"I _____, do solemnly swear (or affirm) that I will, without prejudice or partiality perform faithfully and to the best of my ability, the duties of a member of a Performance Standards Board; that I will preserve the confidential character of the personnel records used by the Board; and that I will not reveal to any unauthorized person information concerning the deliberations, findings and recommendations of the Board (so help me God)."

6. <u>Expiration</u>

These Precepts shall be extended from year to year and continue in force in their present form unless the Department or the employee representative organization gives notice in writing to the other of its intention to propose modifications.

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

2003 PERFORMANCE STANDARDS BOARD

DESIGNATION FOR SEPARATION

McGRATH, Matthew J.                                          FS-01

The Performance Standards Board has carefully and thoroughly reviewed the performance file of Mr. Matthew J. McGrath and unanimously designated him for selection out of the Foreign Service for failure to maintain the standards of performance required for members of his class.

The precepts for Performance Standards Boards state that such Boards shall weigh heavily documented shortcomings in one or more skills, abilities, or knowledge that are pertinent to the occupational category of the member reviewed. Failure to overcome these shortcomings after they have been brought to the attention of the member shall also be taken into account by the Boards. A member's failure to meet the standards of a class may manifest itself in relative or comparative shortcomings in necessary qualities or skills in comparison with other members in the same class and occupational category. In judging the relative performance of a member under review, each Board will give particular weight to documented shortcomings in those areas of quality, competency, and responsibility as set forth in the Decision Criteria for Promotion in the most recent Selection Board Precepts. A Board need not conclude that the member's performance was unsatisfactory per se or that the member's utility in the Service is marginal in an absolute sense. Rather, its duty is to examine the performance record of the member under review and related material, in comparison with other records reviewed of a representative sampling of members of the same class and occupational category, and to designate for selection out those whose performance (judged in terms of assigned duties, goals, and work requirements), whose deficiencies in work-related personal qualities or professional skills, or whose limited potential indicate that they should be separated from the Service. A marked lack of growth potential may itself be a valid reason for selection out. To establish the class standard, the Board reviewed the files of ten officers chosen at random from among the members of the FS-01 Public Diplomacy Cone.

In reaching its conclusion, the Board was struck by the fact that Mr. McGrath has been low-ranked for the past four years (2000, 2001, 2002 and

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

2003 PERFORMANCE STANDARDS BOARD

DESIGNATION FOR SEPARATION

- 2 -

McGRATH, Matthew J.                                         FS-01

2003) for weak managerial, supervisory, leadership and interpersonal skills. Although Mr. McGrath has received annual feedback on the reasons for low-ranking, the Board found no evidence in the file showing that Mr. McGrath has overcome or systematically addressed these weaknesses. According to the 2003 precepts, the PSB should weigh heavily documented shortcoming in one or more skills, abilities or areas of knowledge. Failure to overcome these shortcomings after they have been brought to the attention of the member shall be taken into account by the PSB.

The Board notes that it would have preferred to see an evaluation of Mr. McGrath's most recent work to see if any effort to improve performance had been made. However, no EER for the 2002-2003 rating period was in the file as of March 12, 2004. Similarly, the Board looked to Mr. McGrath's personal statement in the prior year's evaluation (2001-2002) for some insight into his perspectives on the deficiencies cited. Unfortunately, Mr. McGrath declined to submit a personal statement in that EER. The Board was therefore left to make its decision based on the information found in Mr. McGrath's file.

Managerial skills

Mr. McGrath's recent performance evaluations cite particularly weak managerial and supervisory skills. At the FO-1 level, an officer is expected to "establish broad performance expectations for unit; manage staff effectively, focusing on results; monitor plans to accomplish work requirements; delegate appropriately; create a productive work environment" and so on. In the most recent EER (2001-2002) in the file, Mr. McGrath is shown to have serious management deficiencies as a Division Chief in ECA, supervising eight employees. The Rating Officer writes: "He had great difficulty managing personnel and responding to ad hoc projects I assigned him. His program successes were individual and sporadic.... He demonstrated a near-total lack of interest in management basics. For

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

2003 PERFORMANCE STANDARDS BOARD

DESIGNATION FOR SEPARATION

- 3 -

McGRATH, Matthew J.                                              FS-01

example, he failed to respond to my repeated requests throughout the rating period to provide any specific work goals.... He recoiled from supervising his staff, missed deadlines, became distant from me and his staff and engaged only in those few programs that caught his interest, rather than in shaping and leading the overall program of his division."

The 2001-2002 Reviewing Officer, a DAS, details one particularly egregious example of managerial neglect, involving a project for the Secretary: "My most direct experience with Mr. McGrath's performance left a negative impression, when I was required to take over a project involving planning for an event with the Secretary that Mr. McGrath had left behind incomplete when he departed on home leave. His departure was on a Friday, only two days before the scheduled event. To compound the problem, Mr. McGrath had left no contact telephone number and could not be reached through the email address he provided. In order to avert total embarrassment for the office, as the rating officer notes, staff members and I had to pitch in to take over management of this project. I was forced to draft remarks for Mrs. Powell for the week-end event and negotiate directly with the Secretary's office to make final arrangements. This event could have seriously damaged the Bureau's credibility with the Office of the Secretary had not I and several other members of our staff reacted at the last minute to fulfill Mr. McGrath's responsibilities."

The Board wishes to note that Mr. McGrath's 2000-2001 EER, as PAO Johannesburg where he supervised one FSO and 13 FSNs, does credit him with improvement in managerial skills after low marks the year before. The rater writes "Matthew deserves praise for showing considerable growth in deepening his managerial skills during this rating period."

This improvement came after the same Rating Officer documented serious shortcomings in 1999-2000. Among the deficiencies cited are: "...he sparked low morale among a majority of his existing staff.... Probably half

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE                                16

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

2003 PERFORMANCE STANDARDS BOARD

DESIGNATION FOR SEPARATION

- 4 -

McGRATH, Matthew J.                                          FS-01

comment that they have been intimidated in recent months by his behavior which includes shouts that can be heard by other staff when he is unhappy with someone's performance." Further on, the Rating Officer lists lax execution of routine supervisory responsibilities, such as documenting incidents of poor performance by subordinates, to delegate work effectively and to complete performance evaluations on time. On this score, the Rater writes: "Thus evaluations of subordinates are often turned in late. In one instance, the evaluation was 12 months late; in another, it was six months..... This kind of behavior causes staff morale to plummet." That year Mr. McGrath exhibited the same sort of ambivalent attitude towards the deadline for his own EER. According to a Review Panel statement: "The employee is directly responsible for the late submission of this report. The Panel Chairperson requested that Mr. McGrath be counseled concerning his failure to executive and sign Section VII of this report....Mr. McGrath was directed, by memorandum from the Senior Personnel Officer, to appear for counseling by the Reviewer and the Personnel Officer on June 2, 2000. Mr. McGrath failed to appear for this counseling session."

As a last example, in Mr. McGrath's EER of 8/31/98-4/15/99 as the newly assigned PAO Johannesburg, his Rating Officer raises a different type of management issue: "I am concerned by the example which Mr. McGrath set through his unauthorized use of the USIS vehicles for home-to-office transportation and other personal use. In addition to ignoring repeated memos from our Executive Officer to cease, he has not reimbursed the USG for this unauthorized use. Furthermore, he has not reimbursed the USG for swimming pool maintenance which he was required to pay. Whether or nor Mr. McGrath agrees with government regulations, he is obliged to follow them." Mr. McGrath offered no response to this, so we are unaware of his reasons for the lapses described above. Indeed he wrote nothing in the personal comments section of the EER.

Leadership skills

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

17

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

2003 PERFORMANCE STANDARDS BOARD

DESIGNATION FOR SEPARATION

- 5 -

McGRATH, Matthew J.                                                                                          FS-01

Closely intertwined with managerial skills are the leadership abilities required to direct a staff. In 2001-2002 the Rating Officer noted that "Throughout the rating period Mr. McGrath demonstrated an aversion to leadership that frustrated his staff as well as me." Further on, in the area for improvement, the Rater cites leadership, managerial and interpersonal skills, writing: Mr. McGrath has to decide whether he wants to lead or complain, be a manager and leader, or continue to pick and choose only those activities that he finds engaging. He must also decide whether he wants to deal with staff, peers and outside contacts as a mature Foreign Service Officer and representative of the Department of State, or continue to play the role of a free-spirit locked in battle with a mindless bureaucracy."

Interpersonal skills:

Recent EERs also describe telling deficiencies in interpersonal skills. As cited above, Mr. McGrath was criticized in 1999-2000 for sparking low morale among his staff by shouting when unhappy with their work and thus intimidating the workforce. The next year (2000-2001), Mr. McGrath is credited for developing his managerial skills in the area for improvement, but is counseled on interpersonal interactions: "I believe that more attention to maintaining self-restraint in trying circumstances would pay dividends."

The most recent EER for the year 2001-2002 states "Since his return from home leave in late February 2002, Mr. McGrath has been almost reclusive. Several of his program officer staff have commented to me that they felt 'shut out' of any conversation with him and had no idea of his opinions on important program issues." This level of performance clearly fails to meet the standards expected of FS-01 officers in terms of interpersonal skills, which include consistently maintaining equanimity and a professional demeanor, serving as an effective team leader, and understanding how to deal effectively with relationships and aspirations.

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

2003 PERFORMANCE STANDARDS BOARD

DESIGNATION FOR SEPARATION

- 6 -

McGRATH, Matthew J.                                                                 FS-01

Conclusion

With the exception of the most recent EER in the file (2002-2002) that depicts an officer who has abdicated the responsibilities of his job, Mr. McGrath has exhibited both strengths as well as weaknesses during his Foreign Service career. Looking back at his performance since promotion to the FS-01 level in 1993, we see that Mr. McGrath's work as PAO Johannesburg is marked by creativity, excellent public diplomacy programming and strong representational skills. Mr. McGrath's 2000-2001 EER says it most succinctly: "Matthew McGrath is an energetic and imaginative Public Affairs Officer who mixes easily in a variety of social settings and at different societal levels." That same year, Mr. McGrath details his program successes at length and describes the satisfaction he has derived from them. His earlier work as a BEX examiner received praise, as did his work as a team leader in I/TGI during the difficult time of consolidation and adaptation from a traditional staffing structure to the less hierarchical team concept. As PAO Valetta, Mr. McGrath was hailed by the Charge d'Affaires (1993-94), who said: "Matt McGrath's performance was singularly outstanding throughout the rating period as he provided unstinting public diplomacy support to me and the other Embassy staff…."

Clearly, Mr. McGrath has demonstrated a number of highly developed skills necessary for Foreign Service work. It is with regret, then, that the Performance Standards Board notes an erosion of performance in recent years, with areas of weakness coming to dominate while strengths seem to fade.

After reviewing all of the available information and discussing the case at length, this Performance Standards Board has unanimously found that Mr. McGrath's steadily declining performance as documented in his EERs fails to meet the standards of his class and falls well below that of other members

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

## 2003 PERFORMANCE STANDARDS BOARD

## DESIGNATION FOR SEPARATION

- 7 -

**McGRATH, Matthew J.**                                                                 **FS-01**

in the same grade. Therefore, this Board recommends that Mr. McGrath be selected out.

UNCLASSIFIED – ADMINISTRATIVELY SENSITIVE

20