# EXHIBIT 40

## BEFORE THE FOREIGN SERVICE GRIEVANCE BOARD

In the Matter Between

| | |
|---|---|
| Matthew J. McGrath<br>Grievant | Record of Proceedings<br>FSGB No. 2003-012 |
| And | Date: August 27, 2004 |
| Department of State | **DECISION** |

---

For the Foreign Service Grievance Board:

| | |
|---|---|
| Presiding Member: | Edward J. Reidy |
| Board Members: | James E. Blanford<br>Edward A. Dragon |
| Senior Advisor | Shelley E. Johnson |

| | |
|---|---|
| Representative for the Grievant: | Self |
| Representative for the Department: | Joanne M. Lishman<br>Director<br>Grievance Staff |
| Employee Exclusive Representative: | American Foreign Service Association |

1271

## OVERVIEW

Matthew J. McGrath appealed the agency's decision to suspend him for six days on charges of violating the agency's regulations concerning the submission of travel vouchers; insubordination; disruptive behavior and; violating post policy/host country procedures regarding the disposition of motor vehicles.

In June 2001, Grievant was reassigned from the American Consulate General Johannesburg to Washington, D.C. He was scheduled to depart Johannesburg on August 6, 2001 for home leave and transfer, but post policy did not permit employees to depart until they had submitted all outstanding travel vouchers and either sold or shipped their imported vehicle. Although McGrath was by all accounts a superior performer, he had a number of overdue vouchers and had not initiated paperwork to sell his vehicle. Rather than complete administrative requirements and depart, Grievant took annual leave from August 8 to 17 to visit his daughter in the U.S. His daughter was the subject of an ongoing custody dispute between Grievant and his ex-wife. Grievant felt resentment against the agency because he believed the agency did not support him in the dispute. On his return to post, Grievant refused to accept offers of post assistance with his vouchers or the sale of his car.

By the end of August, Grievant had submitted most of his vouchers and sold his car. The post obtained approval for Grievant to defer home leave and travel directly to his new office, which expected him to arrive on September 4. The post made numerous reservations and prepared tickets for Grievant, but he refused to use them. Grievant claimed he was under stress and needed medical help, but refused to use the services of the embassy's regional medical personnel or seek help from a local doctor. On August 31, the post administrative officer presented Grievant with tickets for a flight that night and a direct order from the CG to depart. Grievant refused. Thereafter, on the advice of agency Human Resources and Medical personnel, the post simply waited for Grievant to decide to depart, which he did on September 6.

McGrath argued that the agency failed to demonstrate by a preponderance of the evidence that he committed any acts of misconduct, that the disciplinary action was meritorious, or that the disciplinary action was proportionate to the alleged acts of misconduct. He argued also that the agency based its charges on hearsay evidence that did not meet the test of preponderant evidence established in *Bornikoff v. Department of Justice*, 5 MSPB 77 (1981); that Grievant's acts were not willful and intentional because he gave his PAO duties priority and because he was under severe temporary stress at the end of his tour; and that Grievant's actions did not have an adverse impact on the agency's mission.

The Board found that the agency had shown by a preponderance of the evidence that McGrath committed the misconduct with which he was charged. The preponderance of the evidence showed his actions were not due primarily to emotional distress but were in fact retaliation against the agency for perceived lack of agency support in his dispute with his wife. The Board found that Grievant knew, or reasonably should have known, that those acts were impermissible and could lead to discipline; that his behavior imposed a considerable burden on both the gaining and losing organizations; and that the six-day suspension fell within the zone of reasonableness. The Board denied the grievance in its entirety.

1272