# EXHIBIT 42

mec                                                                 233
JMO
             EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                     WASHINGTON FIELD OFFICE

- - - - - - - - - - - - - - - - x
                                 :
MATTHEW McGRATH,                 :
                                 :
         Complainant,            : EEOC Case No.
                                 : 100-2003-08249X
    v.                           :
                                 : Agency No.
UNITED STATES DEPARTMENT OF      : 02-38
STATE,                           :
                                 :
         Agency.                 :
                                 :
- - - - - - - - - - - - - - - - x

                    Wednesday, March 16, 2005

                    U.S. State Department
                    2201 C Street, N.W.
                    Washington, D.C.  20530


     The above-entitled matter commenced,
pursuant to notice, at 8:48 a.m.
BEFORE:

         HONORABLE RICHARD E. SCHNEIDER
         Administrative Judge
         Equal Employment Opportunity Commission
         1801 L Street, N.W., Suite 100
         Washington, D.C.  20507

                    MILLER REPORTING CO., INC
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

---

mec                                                                 234

APPEARANCES:

   On Behalf of the Complainant:

       MICHELLE L. PERRY, ESQ.
       Kalijarvi, Chuzi & Newman, P.C.
       Suite 610
       1901 L Street, N.W.
       Washington, D.C.  20036
       (202) 331-9260

   On Behalf of the Agency:

       KATHLEEN MURPHY, ESQ.
       MELINDA CHANDLER, ESQ.
       Department of State
       2201 C Street, N.W.
       Washington, D.C.  20530
       (202) 647-4646

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

---

mec                                                                 235

                      C O N T E N T S

WITNESSES:          DIRECT   CROSS   REDIRECT   RECROSS

Matthew McGrath       --      237    276/287      287
Jennifer S. Baker    291      305     317          --
Joanne Armor         319      333     340         340
Alfred Head          342      349      --          --
E. Montgomery        351      356     359          --
Kathryn Wainscott    361      379     401         406
Deborah Chapman      410      419      --          --
LaFaye Proctor       428      442      --          --
Van Samuel Wunder    445      514     546          --
Leanne Mella         555      559      --          --
Matthew McGrath      569      603      --          --

                      E X H I B I T S

COMPLAINANT'S            IDENTIFIED        RECEIVED

No. 39                   (Previously)         550
No. 20                   (Previously)         589

AGENCY'S

No. K                    (Previously)         303
No. O                    (Previously)         333
No. A                    (Previously)         452
No. B                    (Previously)         456
No. C                    (Previously)         461
No. Q                    (Previously)         468
No. I                    (Previously)         484
No. R                    (Previously)         490
No. L                    (Previously)         495
No. M                    (Previously)         502
No. N                    (Previously)         512
No. J                    (Previously)         558

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

---

mec                                                                 236

 1                    P R O C E E D I N G S
 2                                              [8:48 a.m.]
 3           ADMIN. JUDGE SCHNEIDER:  We are back on
 4   the record.  Today is March 16, 2005.  This is the
 5   second day of the administrative EEOC hearing in
 6   the discrimination complaint filed by Matthew
 7   McGrath, the complainant, EEOC Number
 8   100-2003-08249X, and Agency Number 02-38.
 9           We are resuming this morning with the
10   complainant as witness, and I believe we are
11   picking up with agency's cross-examination; is that
12   correct?
13           MS. MURPHY:  Yes.
14           MS. PERRY:  Yes, Your Honor.
15           [Off the record.]
16           ADMIN. JUDGE SCHNEIDER:  Okay.  Let's go
17   back on.
18           Mr. McGrath, you were sworn in yesterday
19   and you are still under oath.
20           THE WITNESS:  Okay.
21           ADMIN. JUDGE SCHNEIDER:  Agency.
22   Whereupon,

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

mec                                                                 349

1  reputation. All I can say is that from what I saw,
2  he appeared to be doing the job exceedingly well.
3      Q   And when Mr. McGrath was discussing his
4  distress with you, how often would he indicate to
5  you that he was upset about what was going on?
6      A   Every time I saw him.
7      Q   Did you notice any changes in Mr.
8  McGrath's personality during the time period from
9  September of 2001 to June 2002?
10     A   Yes.
11     Q   What changes did you notice?
12     A   Smoked more cigars, was very tense,
13 stressed out over the situation.
14         MS. PERRY: I have no further questions,
15 Your Honor.
16         ADMIN. JUDGE SCHNEIDER: Cross?
17         MS. MURPHY: Yes.
18                CROSS-EXAMINATION
19 BY MS. MURPHY:
20     Q   Mr. Head, have you spoken to others who
21 are involved in Mr. McGrath's EEO case?
22     A   I don't know who else is involved.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

mec                                                                 350

1      Q   Have you talked to others about Mr.
2  McGrath's situation?
3      A   No.
4      Q   So Mr. McGrath is the only person from
5  whom you have information about this case.
6      A   Yes.
7          MS. MURPHY: Thank you, Your Honor.
8  That's all.
9          ADMIN. JUDGE SCHNEIDER: That's it. Thank
10 you very much for coming today. I appreciate your
11 time. And again, please do not discuss your
12 testimony with anyone else.
13         [Witness excused.]
14         ADMIN. JUDGE SCHNEIDER: And we will go
15 off the record while we get our next witness.
16         [Off the record.]
17         ADMIN. JUDGE SCHNEIDER: We are back on
18 the record with our next witness, Ms. E.J.
19 Montgomery.
20 Whereupon,
21         EVANGELINE J. MONTGOMERY,
22 the witness, was called for examination by counsel

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

mec                                                                 351

1  on behalf of the complainant and, having been first
2  duly sworn, was examined and testified as follows:
3          ADMIN. JUDGE SCHNEIDER: After your
4  testimony today, please do not discuss your
5  testimony with anybody else.
6          THE WITNESS: All right.
7          ADMIN. JUDGE SCHNEIDER: Thank you.
8                DIRECT EXAMINATION
9  BY MS. PERRY:
10     Q   Good morning, Ms. Montgomery.
11         Could you state for the record your full
12 name?
13     A   Evangeline Montgomery.
14     Q   And for the record, what is your race?
15     A   African-American.
16     Q   And for the record, your age.
17     A   Seventy-four.
18     Q   And for the record, do you have
19 Parkinson's disease?
20     A   Yes, I do.
21     Q   I notice your hand trembling; is that a --
22     A   Yes.

MILLER REPORTING CO., INC
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

mec                                                                 352

1      Q   -- symptom of your Parkinson's disease?
2      A   Yes.
3      Q   Are you currently employed by the State
4  Department?
5      A   Yes, I am.
6      Q   Are you currently a program officer in the
7  Cultural Affairs office?
8      A   Yes.
9      Q   Have you been in the State Department as a
10 cultural affairs officer or program officer in
11 Cultural Affairs since April of 1983?
12     A   Yes. Under USIA and then State
13 Department.
14     Q   In September 2001, did Mr. McGrath become
15 your supervisor in Cultural Affairs?
16     A   Yes.
17     Q   Did Mr. McGrath approve travel for you to
18 attend a conference in Philadelphia while he was
19 your supervisor?
20     A   I believe he did.
21     Q   And were you able to actually travel to
22 that conference at the government expense?

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

                                                                    353

1   A   No.
2   Q   Did Mr. Wunder disapprove that travel
3   after Mr. McGrath had approved it?
4   A   Yes.
5   Q   Did you then request administrative leave
6   in order to attend the conference?
7   A   Yes.
8   Q   Was that request for administrative leave
9   also denied?
10  A   I don't remember.
11  Q   Did you, in fact, attend the conference at
12  your own expense?
13  A   I did.
14  Q   You did?
15  A   Uh-huh.
16  Q   And that was a conference for an
17  organization that had given you an award several
18  years earlier; is that correct?
19  A   Yes.
20  Q   Mr. Wunder was your second-line supervisor
21  at the time Mr. McGrath was your first-line
22  supervisor; is that correct?

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

                                                                    354

1   A   Yes.
2   Q   While Mr. McGrath was on home leave or
3   annual leave in February 2002, did Mr. Wunder
4   assign you some additional duties?
5   A   I don't recall any.
6   Q   In April of 2002, did Mr. McGrath inform
7   you that Mr. Wunder had instructed him to document
8   your performance with the goal of terminating you?
9   A   I don't recall.
10  Q   After Mr. McGrath left Cultural Affairs,
11  did you file a request for a meeting between Mr.
12  Wunder, Mr. Hart, and yourself with the union?
13  A   Yes, I did.
14  Q   And why did you file a request with the
15  union for a meeting?
16  A   Because I had heard rumors around the
17  building that they were trying to get rid of me --
18  Q   And they being Mr. Hart and Mr. Wunder?
19  A   -- as well as two other people.
20  Q   I'm sorry. I interrupted you. What were
21  you saying?
22  A   I said I had heard rumors around the

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

                                                                    355

1   building that they were trying to get rid of me.
2   Q   And the "they" being Mr. Wunder and Mr.
3   Hart?
4   A   Well, I didn't know who exactly, but --
5   Q   And do you recall who you heard the rumors
6   from?
7   A   No. Several people.
8   Q   Was it people in your office?
9   A   Not necessarily.
10  Q   And did the meeting actually occur as
11  requested with the union and Mr. Wunder and Mr.
12  Hart?
13  A   Yes, the meeting did occur.
14  Q   And were Mr. --
15  A   There were other people there, too,
16  another person.
17  Q   And did Mr. Wunder and Mr. Hart -- were
18  they sent to diversity training following that
19  meeting?
20  A   I have no knowledge of that one way or the
21  other.
22  Q   Mr. McGrath curtailed from the position as

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

                                                                    356

1   chief early; is that correct?
2   A   Yes.
3   Q   And in fact Mr. McGrath was one of a
4   number of supervisors in a row who all curtailed
5   early from the position as chief; is that correct?
6   A   That's true.
7   Q   And are you aware of why so many
8   supervisors have curtailed early from the position?
9   A   No.
10      MS. PERRY: I have no other questions,
11  Your Honor.
12      ADMIN. JUDGE SCHNEIDER: Ms. Murphy.
13              CROSS-EXAMINATION
14      BY MS. MURPHY:
15  Q   The decision not to approve your travel to
16  Philadelphia in the February/March timeframe, was
17  that part of an overall reassessment of travel
18  costs in your bureau?
19  A   I'm not sure.
20  Q   Were you subsequently approved for travel
21  to Chicago?
22  A   Yes. That was another program.

                    MILLER REPORTING CO., INC.
                       735 8th STREET, S.E.
                    WASHINGTON, D.C. 20003-2802
                         (202) 546-6666

---

mec                                                                    357

```
 1    Q    And that was later in that same year?
 2    A    Yes.
 3    Q    Did Mr. Wunder approve that travel?
 4    A    I believe he had to approve all travel.
 5    Q    In 2002, were you provided with software
 6  which was intended to assist you in working your
 7  computer?
 8    A    Yes.
 9    Q    Was Mr. Wunder responsible for getting you
10  the software?
11    A    He suggested it.
12    Q    Was your employment ever terminated by Mr.
13  Wunder?
14    A    No.
15    Q    Was your employment ever terminated by
16  anyone?
17    A    No.
18    Q    You continue to be employed by the
19  department.
20    A    Yes.
21        MS. MURPHY:  Thank you.
22        ADMIN. JUDGE SCHNEIDER:  You said you
```
MILLER REPORTING CO., INC
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

---

mec                                                                    358

```
 1  heard rumors that you yourself and two others were
 2  being talked about for termination?
 3        THE WITNESS:  Termination or something.
 4        ADMIN. JUDGE SCHNEIDER:  Do you know who
 5  the other two people were?
 6        THE WITNESS:  Yes.  A part-time employee,
 7  Sandy Rouse, and Susan Stern -- Susan Cohen,
 8  rather.
 9        ADMIN. JUDGE SCHNEIDER:  And do you know
10  the races of each of them; or either of them?
11        THE WITNESS:  Yes.
12        ADMIN. JUDGE SCHNEIDER:  Can you tell us?
13        THE WITNESS:  They are Caucasian.
14        ADMIN. JUDGE SCHNEIDER:  And do you know
15  the ages of either one, or both?
16        THE WITNESS:  No.
17        ADMIN. JUDGE SCHNEIDER:  Approximately?  I
18  mean, young? middle-age? old?
19        THE WITNESS:  Middle-age.
20        ADMIN. JUDGE SCHNEIDER:  Okay.  And do you
21  know --
22        THE WITNESS:  Fiftyish.
```

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

---

mec                                                                    359

```
 1        ADMIN. JUDGE SCHNEIDER:  -- if either one
 2  had any disability?
 3        THE WITNESS:  I don't know.
 4        ADMIN. JUDGE SCHNEIDER:  Nothing apparent?
 5        THE WITNESS:  Well, they had illnesses,
 6  but I don't know exactly how they are classed.
 7        ADMIN. JUDGE SCHNEIDER:  Okay.  Any follow
 8  up to my questions or redirect?
 9        MS. PERRY:  Yes, Your Honor.
10            REDIRECT EXAMINATION
11        BY MS. PERRY:
12    Q    Ms. Montgomery, the travel to Chicago,
13  that was after June of 2002; is that correct?
14    A    I believe so.
15    Q    And the software that Mr. Wunder --
16    A    The travel to Chicago had to do with one
17  of my projects.
18    Q    Okay.  The software that Mr. Wunder
19  suggested for you, he never raised that suggestion
20  prior to April of 2002; is that correct?
21    A    I don't know what date it was, but no, not
22  prior to the time that I received --
```

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

---

mec                                                                    360

```
 1    Q    That you actually received it.  So his
 2  suggestion that you receive the software and your
 3  actual receipt of the software, was that a fairly
 4  close in time event?
 5    A    No.  It took a considerable length of
 6  time, and then much longer to have it hooked up.
 7    Q    So when did you actually receive the
 8  software?
 9    A    I couldn't tell you the date.
10    Q    Okay.
11        MS. PERRY:  I have no further questions.
12        ADMIN. JUDGE SCHNEIDER:  Any recross?
13        Okay.  Thank you very much, Ms.
14  Montgomery.  We appreciate you coming today.  Thank
15  you for your time.
16        [Witness excused.]
17        [Off the record.]
18        ADMIN. JUDGE SCHNEIDER:  We are back on
19  the record.  Our next witness is Ms. Kathryn
20  Wainscott.
21  Whereupon,
22            KATHRYN WAINSCOTT,
```

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666